IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER WALLS**                                                        **PETITIONER**

V.                    CASE NO. 4:25CV01300 LPR-PSH

**DIRECTOR DEXTER PAYNE, Director,**
 **Arkansas Division of Correction**                                          **RESPONDENT**

<u>**RESPONSE TO PETITION**
**FOR WRIT OF HABEAS CORPUS**</u>

## I.   Introduction

Petitioner Christopher Walls petitions this Court for habeas relief from his conviction of second-degree sexual assault pursuant to a plea of nolo contendere. Walls's petition is untimely, his claims are procedurally defaulted, his second claim is not cognizable in this proceeding, and, regardless, his claims are meritless. The petition must be dismissed.

## II. Facts and Procedural History

On August 16, 2022, Walls, facing a charge of rape, pleaded nolo contendere in Pulaski County Circuit Court to one count of second-degree sexual assault and was sentenced as an habitual offender to ten years in prison.  Doc. No. 2 at 1, 20.

On July 30, 2024, Walls filed a pro se state habeas corpus petition pursuant to Ark. Code Ann. § 16-112-201, et seq. (Repl. 2016), requesting DNA evidence in

his case be retested to prove his actual innocence. The circuit court denied Wall's petition on September 3, 2024, and he did not appeal. Wall's pro se state habeas petition is attached as Respondent's Exhibit A, and the order denying that petition is attached as Respondent's Exhibit B.

Walls then filed a second pro se state habeas petition on October 8, 2024, again requesting DNA evidence in his case be retested to prove his actual innocence. That second petition is attached as Respondent's Exhibit C and has not been ruled upon. Walls sought a writ of mandamus from the Arkansas Supreme Court directing the circuit court to rule on his second state habeas petition, and that request was denied on November 6, 2025. The Arkansas Supreme Court's order denying Walls's petition for a writ of mandamus is attached as Respondent's Exhibit D. Wall's next action was the current petition.

### III.   The Habeas Petition

Respondent has endeavored to read Wall's habeas petition liberally and with an eye toward any statements that "encompass any allegation stating [a claim for] federal relief." *Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994) (citing *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)). Walls alleges two grounds for relief: his plea of nolo contendere was the product of his trial counsel threatening him that he was facing the possibility of a life sentence if convicted of rape by a jury, and

the trial court should grant his second pro se state habeas petition to pursue additional DNA testing. Doc. No. 2 at 2-8. Walls's requested relief is an order for additional DNA testing "so that his name can be cleared." Doc. No. 2 at 8.

His petition should be denied and dismissed because his petition is untimely, his claims are procedurally defaulted, his second claim is not cognizable in a federal habeas proceeding, and, regardless, his claims are meritless.

## IV.   Argument

### A. Statute of Limitations

Walls's petition is time-barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations governing the filing of federal habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of: (1) the date the judgment became final by the conclusion of direct review or the expiration of time for seeking such review, (2) the date on which an unlawful State impediment to filing was removed, (3) the date the constitutional right asserted was recognized, or (4) the date the factual predicate of the claim could have been discovered. 28 U.S.C. § 2244(d)(1)(A)-(D). This matter involves the first triggering date.[1]

---

[1] Walls may attempt to claim that the factual predicate of his second claim—that a new form of DNA testing previously unavailable can now be used to test the

Because Wall did not appeal, his conviction became final 30 days after its entry.  *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015); Ark. R. App. P. – Crim. 2(a).  Walls's judgment was filed on September 12, 2022.  Doc. No. 2 at 20.  It therefore became final on October 12, 2022, and Walls's statute of limitations ran from that date until October 12, 2023.  Accordingly, Walls's petition is untimely unless he is entitled to statutory or equitable tolling.

A federal habeas petitioner's limitation period is tolled under 28 U.S.C. § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Walls had no pending state post-conviction petition until his first state habeas petition was filed on July 30, 2024—well past the expiration of his AEDPA statute of limitations on October 12, 2023.  Resp't Ex. A.  Accordingly, Walls is entitled to no statutory tolling.  *See Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired.").

---

evidence in his case—was not discoverable until he filed his state habeas petitions.  However, pursuant to Walls's own case in support—*Echols v. State*, 686 S.W.3d 790, 793 (Ark. 2024)—this "new" form of DNA testing has been available since at least 2020, or approximately two years before he entered his plea of nolo contendere.  Accordingly, Walls could have sought this DNA testing prior to his plea, and the first triggering date controls.

Further, Walls has shown no basis for equitable tolling. A federal habeas petitioner is entitled to equitable tolling if he shows (1) he pursued his rights diligently and (2) that some extraordinary circumstance external to him stood in his way and prevented timely filing. *E.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an exceedingly narrow window of relief and proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *E.g.*, *Runyan v. Burt*, 521 F.3d 942, 845 (8th Cir. 2008). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *E.g.*, *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

Walls has failed to show he acted diligently and presents no extraordinary circumstances beyond his control that made it impossible for him to file his federal habeas petition on time. His sole argument for equitable tolling, if it can be construed as such, is that "[b]y the time that Petitioner had gathered up the necessary documents to attempt any post-conviction relief, he was time-barred from filing any of the usual Arkansas post-conviction remedies." Doc. No. 2 at 2. Notably, Walls does not allege that the delay in retrieving these vague documents was the result of anything outside of his control. He merely states it took him a while. Regardless, the only documents Walls attached to his two state habeas petitions were documents from his underlying case. *See* Resp't Ex. A at 11-12

5

(State Crime Laboratory report); Resp't Ex. C at 11-22 (sentencing order and State Crime Laboratory report). Such is not an extraordinary circumstance warranting equitable tolling, even if Walls's delay in retrieving these documents was due to his trial counsel. *See Sellers v. Burt*, 168 Fed.Appx. 132, 133-34 (8th Cir. 2006) (counsel's failure to timely provide petitioner's case file is not an "extraordinary circumstance" for purposes of equitable tolling); *see also United States v. Denny*, 694 F.3d 1185, 1191-92 (10th Cir. 2012) (attorney's delay in forwarding case records did not warrant equitable tolling in part because petitioner did not show that he diligently tried to obtain the documents from another source, such as the court's docket). His petition is untimely and should be dismissed.

## B. Procedural Default

Even if his petition were timely, Walls's claims are procedurally defaulted. An application for a writ of habeas corpus filed in federal court by a state prisoner "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To fulfill this requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This

requires raising the claim in the state's highest court, even if review is discretionary. *Id*. When a habeas petition has not presented a claim in the highest state court and there are no remaining state remedies available, the claim is procedurally defaulted. *Id*. at 848; *Dansby v. Payne*, 47 F.4th 647, 658 (8th Cir. 2022). Thus, if state procedural rules preclude any further attempts at exhaustion, the claim is procedurally defaulted. *E.g.*, *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010).

Regarding Walls's claim that his attorney threatened him that he faced up to life in prison if convicted of rape in order for Walls to plead nolo contendere to second-degree sexual assault, he has never presented this claim to the Arkansas state courts, and he is precluded from doing so now. Neither of Walls's two state habeas petitions raised this claim. And Walls cannot return to state court to raise this claim now. Whether a claim of ineffective assistance of counsel or an involuntary plea based on such ineffective assistance, Walls was required to raise the claim in a timely petition pursuant to Ark. R. Crim. P. 37.1. *See True v. Payne*, 628 S.W.3d 641, 644 (Ark. 2021). Since Walls pleaded nolo contendere, which is treated the same as a guilty plea, *Henry v. State*, 509 S.W.3d 630, 631 n.1, he was required to file a Rule 37 petition raising this claim within 90 days of the entry of judgment. Ark. R. Crim. P. 37.2(c)(i). Considering Walls's judgment was entered

7

in September of 2022, any Rule 37 petition at this point would be untimely. Walls's first claim is therefore procedurally defaulted.

Regarding Walls's second claim that he is entitled to additional DNA testing, he raised that claim in his initial state habeas petition. That petition was denied by the state trial court and Walls did not appeal. He has therefore never presented this claim to the highest court in Arkansas. He cannot return to state court and file an additional state habeas petition raising this claim. Such a petition is required to be filed within 36 months of the date of conviction.[2] Ark. Code Ann. § 16-112-202(10)(B) (Repl. 2016). Since Walls's judgment was filed on September 12, 2022, any petition at this point would be untimely.[3] Both of Walls's claims are therefore procedurally defaulted.

---

[2] Walls may respond that he could rebut that presumption of untimeliness because the DNA testing method he wishes to use is new. *See* Ark. Code Ann. § 16-112-202(10)(B)(iv); Doc. No. 2 at 17 ("Petitioner requests that this Court grant him permission to have a new DNA-collection method known as the "M-Vac" method[.]"). But, as previously discussed, *supra* n.1, the M-Vac method has been available since, at the latest, 2020—prior to Walls's case.

[3] A stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that Walls may pursue his second state habeas petition is unwarranted. A petitioner seeking additional DNA testing post-judgment must make a prima facie case that identity was an issue at trial. *E.g.*, *Graham v. State*, 188 S.W.3d 893, 895 (2004). When a defendant pleads guilty (which includes a plea of nolo contendere, *Henry*, 509 S.W.3d at 631 n.1), he has admitted that he committed the offense and identity is not in question. *Graham*, 188 S.W.3d at 896. A *Rhines* stay is unwarranted where the claim is plainly meritless. *Rhines*, 544 U.S. at 277 ("[T]he district court would

8

And Walls cannot establish cause or prejudice to excuse his procedural defaults. Cause for a procedural default ordinarily turns on whether the prisoner can show that some objective factor external to him impeded his efforts to comply with the state's procedural rule. *E.g.*, *Gordon v. Arkansas*, 823 F.3d 1188, 1196 (8th Cir. 2016). Nothing prevented Walls from filing a timely Rule 37 petition attacking his trial counsel's advice regarding his plea, and nothing prevented him from raising the M-Vac method of DNA testing in his initial state habeas petition and appealing the subsequent denial of that petition to the state's highest court. Accordingly, Walls claims are inexcusably procedurally defaulted.

## C. Cognizability

Walls's claim that he is entitled to additional DNA testing is not a cognizable ground for the writ of habeas corpus in federal court. Walls's claim is, at bottom, that he is entitled to DNA testing under Ark. Code Ann. § 16-112-201, et seq. However, it is well-established that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). That is precisely Walls's claim—an error of state law. Accordingly, this claim, even if timely and not procedurally defaulted, is not cognizable in this proceeding.

---

abuse its discretion if it were to grant [] a stay when [the] claims are plainly meritless.").

9

**D. Merits**

Walls's claims are meritless in any event. Regarding Walls's claim that his attorney "threatened" him by saying he could potentially be in prison for life if he was convicted of the charged crime of rape, that was not a threat at all. Rather, it was a correct piece of advice counsel provided Walls. Rape is a Class Y felony in Arkansas, Ark. Code Ann. § 5-14-103(c)(1) (Supp. 2019), and Class Y felonies are punishable by life in prison. Ark. Code Ann. § 5-4-401(a)(1) (Repl. 2013). It is unclear how Walls's counsel was ineffective or his plea involuntary on the basis of correct advice about his sentencing exposure. Regardless, Walls's claim is undeveloped. He does not discuss how providing accurate advice results in deficient performance or how such accurate advice could possibly have prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (claim of ineffective assistance requires deficient performance on the part of counsel and prejudice to the point of a deprivation of a fair trial). Accordingly, Walls's claim is meritless.

Likewise, Walls's claim that he is entitled to additional DNA testing is meritless.[4] As discussed previously, *supra* n.3, Walls is not entitled to additional

---

[4] While Walls seems to allege this additional DNA testing would prove his actual innocence, Doc. No. 2 at 8 ("[Petitioner] knows that he did not have any sexual intercourse, fondling, foreplay, etc., with [the victim]."), that is not the case. Even if Walls's DNA was not found on anything at all, that does not render him

DNA testing. A petitioner seeking additional DNA testing post-judgment must make a prima facie case that identity was an issue at trial. *Graham*, 188 S.W.3d at 895. When a defendant pleads guilty (which includes a plea of nolo contendere, *Henry*, 509 S.W.3d at 631 n.1), he has admitted that he committed the offense and identity is not in question. *Graham*, 188 S.W.3d at 896. Walls is therefore not entitled to additional DNA testing, and his claim is meritless. Walls's petition must be denied.

---

actually innocent. Defendants are often convicted based solely on the testimony of the victim, who Walls acknowledges in this case "reported the alleged rape" to the police and "claim[ed] the crime occurred after her boyfriend left the apartment for work." Doc. No. 2 at 3; *see, e.g.*, *Peoples v. State*, 590 S.W.3d 783, 785-86 (Ark. Ct. App. 2019) (defendant can be found guilty of rape or sexual assault solely on the testimony of the victim, even when no forensic evidence is available to corroborate the victim's testimony).

Respectfully submitted,

TIM GRIFFIN
Attorney General

WALKER K. HAWKINS
Arkansas Bar No. 2018148
Assistant Attorney General
**Attorney for Respondent**
101 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 682-8112 [phone]
(501) 682-2083 [fax]
walker.hawkins@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Walker K. Hawkins, hereby certify that on January 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the document and its exhibits, along with a copy of the Notice of Electronic Filing, by U.S. Mail, postage prepaid, to the following non CM/ECF participant:

Christopher Walls
ADC#130026
North Central Unit
10 Prison Circle
Calico Rock, AR  72519

/s/ Walker K. Hawkins
WALKER K. HAWKINS