FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 02 2026

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

## In The United States District Court
## Eastern District Of Arkansas
## Northern Division

In re Christopher Walls      Petitioner

VS.      Case : 4:25-cv-01300 LPR/PSH

Dexter Payne      Respondent

## Letter Brief

Petitioner, Christopher Walls, was convicted by a plea agreement of nolo contendere, to a lesser charge of Rape - A.C.A. § 5-14-103, to the charge of Sexual Assault in the Second Degree - A.C.A. § 5-14-125, by and through Judge Leon Johnson in Pulaski County Circuit Court, First Division, on August 16, 2022.

## Arguments of Fallacy

(I) Plea structure initiated through state prosecutors office to gain a substantial conviction

of 120 months, also initiating that Defendant is not parole eligible under A.C.A. § 16-93-609(b)(1); Concurrent to cases: 60CR-22-16; 22-805; 16-61; 18-1451; and 18-4796.

(a) Sexual assault requires proof of two distinguishable elements that the rape statute does not, to establish its continuity, the defendant's age, and marital status with respect to the victim. Sexual assault is not "established by proof of the same elements constructed within the structured elements required" to establish rape.

(b) Sexual assault in the Second Degree, does not consist of an attempt to commit rape or to commit an offense otherwise included within rape. Sexual assault does differ from rape; Assault is defined by: an involvement of inflicting of serious bodily injury by some form, Rape is defined by: the crime of having sexual intercourse with a person forcibly and without consent.

(c) Sexual assault in the Second Degree cannot be established as a lesser-included offense of Rape, "As Matlock concedes, first-degree sexual assault contains an additional elements that rape does not-

-2-

proof that the victim was a minor and is not the actor's spouse - so it is not a lesser-included offense of rape. Joyner v. State, 2009 Ark. 168, 303 S.W. 3d 54 (holding that second-degree sexual assault is not a lesser-included offense of rape under section 5-14-103 (a)(1) or (c)(1)

(2) Ineffective Assistance: The negotiated plea of nolo contendere was involuntary under Strickland because his court-appointed attorney had misinformed him that there was not sufficient enough DNA, nor did the accuser give testimony under oath to declare the truth of the elements in her claim, to prove guilt beyond reasonable doubt. Meaning: That the evidence the State proposed to gain a plea, was insufficient to convince a rational trier of fact beyond the reasonable doubt of guilt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560. Viewing the evidence in a light most favorable to the judgment of guilt which was rendered. This judgment should be reversed with relation to the proper consideration of the lack of circumstantial evidence in this case, even to the point of public defender Lou Marczuk's lack to sufficiently inform his client not to accept plea, because it was just a ploy to gain a conviction. State v. Prater, 31 Kan. App. 2d

388, 65 P.3d 1048 (2003).

(3) Circumstantial Evidence Doctrine; Reversing of defendant's conviction because it was undisputed that defendant was at victim's apartment, nor that there was sufficient DNA evidence to direct that defendant committed the assault on Veronica Gunlata. Rivero v. State, 35 So.3d 183 (Fla. App. 2010); C.E. v. State, 665 So. 2d 1097 (Fla. App. 1996); "Where DNA evidence if found at the scene is relied upon to establish identity, the evidence must be such that would suffice to have been made only when the crime was committed." See State v. Law, 559 So. 2d 187, 188 (Fla. 1989) States: A defendant, in moving for a judgment of acquittal. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the administration of justice may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof of facts from which the ultimate fact is sought to be established, or where there is room for such differences as to the inference which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and

not primarily the views of the judge. The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal. See Lynch v. State, 293 So.2d 44, 45 (Fla. 1974).

(4) DNA Testing: "Petitioner contends that it is within the courts discretion to grant said petition for Writ of Habeas corpus for a new technology not available at the time of trial, to suffice a means to harness DNA's power to prove innocence without unnecessarily overthrowing the established system of criminal justice." The presumption may be rebutted upon a showing:

(i) That the person making a motion under this section 16-112-202 within thirty-six (36) month time line, was or is incompetent and the incompetence substantially contributed to the delay in the motion for a test;

(ii) That the evidence to be tested is newly disco-vered evidence or will bring forth direct evidence to sustain defendant innocence;

(iii) That the motion is not based solely upon the person's own assertion of innocence and a

denial of the motion would result in a manifest injustice;

(iv) That a new method of technology that is substantially more probative than prior testing is available; or

(v) Of good cause.

(a) If, in accordance with Petitioner Walls's theory of defense - he is innocent and never had sexual contact with Veronica Cunlata - and that it was shown that the only evidence by DNA that was consistent with the DNA profile obtained from Christopher Walls was only on a blanket, noted as Q03-5 S/B, note it was not an exact match, meaning if Veronica Cunlata was raped the aggressor is still at large.

(5) Time of limitations: The respondent Dexter Payne ("Payne") contends the petition for writ of habeas corpus should be dismissed because it is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

(a) 28 U.S.C. § 2244(d)(1), states: A 1-year period of limitation shall apply to an application

for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States, is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending, shall not be counted toward any period of limitation under this subsection.

(b) So respondent's ("Payne's") contention that petition for writ of habeas corpus filed by Christopher Walls should be dismissed because it is time-barred, is inconclusive and indecisive under 28 U.S.C. § 2244 (d)(2).

(6) Cognizable Merit: Additional DNA testing of under the rule of new technology spectrum, to suffice an exact match to the DNA collected at crime scene, to prove beyond reasonable doubt that a sexual crime had happened. Not that defendant Walls has already stated that: On December 9, 2020, defendant Walls was at Veronica Gunalata and Blake Shadwick's apartment, smoking drugs, they were all sitting on a blanket covering a mattress on the floor, because they didn't have much furniture. They got upset because I couldn't gain any more substances and asked me to leave, this is after said neighbor Frederick Robinson showed up. I obligated and left the apartment. Note: My DNA would have been on said blanket because I sweated the whole time I was there, but as for semen there

- 8 -

is none, because I did not have any kind of sexual activity with Veronica Gunalata. The blanket we all was sitting, is the only blanket they owned, so yes when the crime lab took it as (Item #3) Q03-5 S/B to test for DNA, mine would have shown up, because of sweating on it that night, also along with Blake Shadwick's and Veronica Gunalata's sweat. The Arkansas Crime Lab never based the DNA examination on one exact human identification like for instance Sweat (perspiration), Piss (urine), Stool (fecal matter), Hair (pilus), or even Sperm (nucleus), or Blood.

(a) Yes some sort of DNA would have been there because I was there, but to instigate that I raped that woman by only a forensic DNA consistent profile, of Christopher Walls (Defendant/Petitioner) but not stating what exact kind of strain, not 27 different strains, like how the Arkansas State Crime Labs reported.

## Forensic DNA Analysis

Petitioner asserts the M-Vac system is a new technology that has vastly changed the course of collecting DNA and ultimately changing

the ways of unsolved or erroneousness convictions. It is beening used around the world to help remedy cold cases. It does this by extracting the smallest amounts of DNA from the most porous substrates. The system consists of a vacuum, a hand-held collection device, a sample collection bottle, and sterile solution. It functions by dispensing the sterile solution onto a substrate while simultaneously vacuuming cellular material into the sample collection bottle. The liquid contents of the bottle are then filtered through a 0.45 µM polyethersulfone (PES) membrane in a two stage filter unit, which traps and concentrates cellular material on the filter. Lastly, the filter is cut from the unit and processed for DNA extraction using common procedures.

Arkansas State Crime Laboratory on August 27, 2021, tested for DNA by the evidence listed below has been analyzed utilizing the Promega PowerPlex Fusion 6C PCR kit for STR based human identification. The following loci have been examined: Amelogenin, D3S1358, D1S1656, D2S441, D10S1248, D13S317, Penta E, D16S539, D18S51, D2S1338, CSF1PO, Penta D, THO1, vWA, D21S11, D7S820, D5S818, TPOX, D8S1179, D12S391, D19S433, SE33, D22S1045, DYS391,

FGA, DYS 576, and DYS 570.

Evidence Analyzed:

Q01-Underwear-Veronica Cunalata
Q02-Sheet-Veronica Cunalata
Q03-Blanket-Veronica Cunalata
Q03-26 S/B Cuttings from Blanket
Q03-31 S Cuttings from Blanket
Q03-39 S/B Cuttings from Blanket
Q01-TL (1) Tape Lifts from Underwear (Inner)
Q01-TL (0) Tape Lifts from Underwear (Outer)
Q02-9 S Cutting from sheet
Q03-5 S/B Cutting from Blanket
Q03-6 S Cutting from Blanket

Whereas, Christopher Walls, was excluded as a con-
tributor to the DNA mixture obtained from Q02-9S,
Q03-6 S, Q03-26 S/B, Q03-29 S, Q03-31 S, Q03-32 S/B,
Q03-37 S/B, and Q03-39 S/B.

Conclusion

The male DNA identified on the intermediate
component on Q03-5 S/B originated from Christopher
Walls, within all scientific certainty.

- 11 -

The Arkansas Crime Lab, was unsuccessful at extracting enough DNA from the QO1-Underwear to prevail in claiming any sexual activity, that prosecution asserted to bring forth a plea, also Walls attorney was to incompetent to have not realized this before his client took said plea from the instructions of his public defender Lou Marczuk. See Exhibit

Because there was not enough DNA profile extracted from victims underwear to sufficiently expose the real assailant, make substantial reason for this court to grant a retesting of all evidence through the new M-Vac Technology, to bring forth the real perpetrator, and exonerate Christopher Walls. Who has diligently tried to prove the wrongs against him, why would a guilty man ever ask for the courts repeatedly to prove him guilty? Secondly why did Veronica Cunalata wait so long to report a rapping, plus there was never a Rape Kit Test preformed on Veronica Cunalata. So the only evidence to prove doubt is the evidence already collected. Ms. Cunalata stated she was wearing those underwear before and after the said assault. Making a false police report is a felony, and I believe either Mr. Shadwick or Ms. Cunalata knew of this and waited so long before making a report.

## Federal Bureau of Investigation

The FBI has utilized this M-Vac method of DNA extracting, for purposes of solving unsolved crimes. According to the Bureau this new technology has been a revelation when it comes extracting DNA from the smallest and porous surfaces. Swabbing with a cotton tip has been the gold standard for collecting DNA in criminal cases for the last 20+ years, such as the same technology that the Arkansas State Crime Laboratory has used in this case. The Bureau has conducted an extensive research into M-Vac testing and has found in 2020, that it is on average 12 times more accurate than swabbing. The Bureau has recommended using the M-Vac System if its available. It has been used by more than 200 private and public labs around the country, and it has been used to test over 15,000 more pieces of evidence stated by the M-Vac President Mr. Jared Bradley. The M-Vac system can retrieve from any rough or porous surfaces that swabbing can not.

On example of where the M-Vac out performed swabbing, was the Krystal Beslanowitch case. The 17 year old was found naked and bludgeoned to death, on December 15, 1995, next to the Provo River, about 40 miles from Salt Lake City, Utah, investigators

collected river rocks at the scene and believed these rocks were used in committing the murder. The rocks were swabbed for DNA and nothing was found. The rocks remained in an evidence locker room for 18 years, in 2013 they were subjected to the M-Vac testing, to get a DNA profile about half a nanogram of genetic material has to be recovered. The M-Vac retrieved 21 nanograms, it retrieved 42 times more than swabbing says data from the Bureau investigators. Her killer Joseph Simpson was brought to justice and charged and convicted of her murder two decades after her death. I keep praying that a court will see that I just want a chance for this State to retest all the ~~rest~~ evidence obtained through M-Vac system to prove my claim of actual innocence.

## Writ of Mandamus

On September 10, 2025, a petition for Writ of Mandamus was served to Honorable Judge Leon Johnson Pulaski County, also bearing a Certificate of Service, and one mailed to the Office of the Criminal Justice Coordinator Supreme Court. It was filed on September 25, 2025, then ruled upon, this is after I sent letter disclosing information pursuant to Comment 5 to Rule 2.11 of the Code

of Judicial Conduct, about I believe that a conflict of interest upon having Justice Nicholas Bronni, upon this case. Where as Justice Nicholas Bronni denied Petition for Writ of Mandamus on or about November 6, 2025, Case No. CR-25-596, Furthermore, Baker, C.J., and Hudson and Womack, JJ., would grant, This shows that Justice Bronni was being partial about the case or petitioner himself.

## Exhibition

Exhibit-1-Sentencing Order
Exhibit-2 - 12-16-25-Writ of Habeas; 10-8-24-Writ of Habeas; Arkansas State Crime Labs Analysis, dated 5-23-22; Writ of Mandamus
Exhibit-3- Arkansas State Crime Labs.
Exhibit-4- Order - Granting additional time to file brief, dated 2-4-26.
Exhibit-5- Writ of Mandamus;
Exhibit-6 - 6-16-25-Motion to Compel
Exhibit-7- 10-8-24- Writ of Habeas
Exhibit-8 - 7-30-24- Habeas Corpus Petition

WHEREFORE, Petitioner, prays that he is entitled to habeas relief in a prima facie action for the reasons; (1) Writ is cognizable can be

established; (2) Plea of nolo contendere did not constitute a pleading or omission of guilt; (3) Insufficient DNA testing to prove beyond a reasonable doubt that the evidence ~~would~~ suffice the conviction from a plea made by coercion of the State. Also to capture the real criminal, And the benefits in granting this application, and all other relief deemed fit.

Respectfully submitted

A.D.C. #130026
Magness Unit
#10 Prison Circle
Calico Rock, AR. 72519

- Notary -

*EXHIBIT 1*

# SENTENCING ORDER

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Sep-12  11:33:15
60CR-22-1580
C06D01 : 3 Pages

IN THE CIRCUIT COURT OF  Pulaski _____ COUNTY, ARKANSAS,
SIXTH _____ JUDICIAL DISTRICT   1 _____ DIVISION

On _____8/16/2022____ the Defendant appeared before the Court, was advised of the nature of the charge(s), of Constitutionaland legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing.

### Offender

| Defendant [Last, First, MI] | Walls, Christopher Edward | | DOB | 6/16/1980 | Sex | ☑ Male ☐ Female | Total Number of Counts | 1 |
|---|---|---|---|---|---|---|---|---|
| SID# | 745621 | Race & Ethnicity ☐ Pacific Islander | ☐ White ☐ Other | ☑ Black ☐ Unknown | | ☐ Asian ☐ Hispanic | ☐ Native American | |

Supervision Status at Time of Offense   PROBATION

### Court Info

| Judge | LEON JOHNSON | |
|---|---|---|
| Prosecuting Attorney/Deputy | Melissa Kalmer | File Stamp |
| Defendant's Attorney | LOU MARCZUK | ☐ Private Appointed  ☑ Public Defender  ☐ Pro Se |
| Change of Venue | ☐ Yes  ☑ No | |

If Yes, from:

### Legal Statements

☐ Pursuant to A.C.A. ____ §16-93-301 et seq., or _____ this Court, without making a finding of guilt or entering a judgment of guilt and with the consent of the Defendant defers further proceedings and places the Defendant on probation.

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment:

☐ is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed.  Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions.  The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Division of Community Correction (A.C.C.) rules and regulations.

☑ of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed.  The Defendant was sentenced to the Arkansas Division of Correction (A.D.C.) for the term specified on each offense shown below.

Defendant made a voluntary, knowing and intelligent waiver of right to counsel.   ☐ Yes  ☑ No

### Offense #1 Most Serious Offense

| A.C.A. # / Name of Offense   5-14-125 – SEXUAL ASSAULT IN THE SECOND DEGREE | | | | |
|---|---|---|---|---|

| A.C.A. # Orig. Charge  5-14-103 | ATN  PCS102751696 | | Case #  2022-1580 |
|---|---|---|---|

| Offense Date | 12/9/2020 | Appeal from District Court ☐ Yes  ☑ No | Offense was | ☒ Nolle Prossed  ☒ Dismissed  ☒ Acquitted |
|---|---|---|---|---|

| Criminal History Score | 4 | Seriousness Level | 6 | Offense is | ☑ Felony | ☐ Misd. | ☐ Violation | Probation/SIS Revocation ☐ Yes ☑ No |
|---|---|---|---|---|---|---|---|---|

| | | | | | | | | Offense Classification ☐ Y ☐ A ☑ B ☐ C ☐ D ☐ U |

| Presumptive Sentence | ☑ Prison Sentence of | 84 to 180 months | ☐ Community Corrections Center | ☐ Alternative Sanction |
|---|---|---|---|---|

| Number of Counts | 1 | Defendant | ☐ Attempted ☐ Solicited ☒ Conspired to Commit the Offense |
|---|---|---|---|

**Defendant Sentence**

| ☑ ADC  ☐ Jud Trans  ☐ Cnty Jail | If probation or SIS accompanied by period of confinement, state time: _____ days _____ mths |
|---|---|
| Imposed  120 months | Sentence was enhanced _____ months, pursuant to A.C.A. |
| Probation  0 months | Enhancement(s) is to run ☐ Concurrent ☐ Consecutive |
| SIS  0 months | Defendant was sentenced as a habitual offender, pursuant to A.C.A.§ 5-4-501, subsection |
| Other  ☐ Life ☐ LWOP ☐ Death | ☐ (a) ☑ (b) ☐ (c) ☐ (d) |

| Victim Information [Multiple Victims] ☐ N/A ☐ Yes ☑ No | Age 22 | Sex ☐ Male ☑ Female | Race & Ethnicity ☐ Pacific Islander | ☑ White ☐ Other | ☐ Black ☐ Unknown | ☐ Asian | ☐ Native American ☐ Hispanic |
|---|---|---|---|---|---|---|---|

| Defendant voluntarily, intelligently and knowingly entered a | Defendant |
|---|---|
| ☑ negotiated plea of ☐ guilty ☐ nolo contendere | ☐ was sentenced pursuant to ☐ §16-93-301 et seq. ☐ Other _____ |
| ☐ plea directly to the court of ☐ guilty ☐ nolo contendere | ☐ entered a plea and was sentenced by a jury. ☐ was found guilty by the court & sentenced by ☐ court ☐ jury ☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury ☐ was found guilty of lesser offense by ☐ court ☐ jury |

| Sentence is a Departure ☐ Yes ☑ No ☐ N/A | Sentence Departure ☐ Durational ☐ Dispositional ☐ Both |
|---|---|
| | If Durational, state how many months above/below the Presumptive Sentence   0 |

| Departure Reason  Mitigating # _____ or Aggravating # 17 | (For Agg #17, Mit #9 or departure from guidelines, explain) |
|---|---|
| PURSUANT TO NEG'D PLEA | |

| Sentence will run | ☒ Consecutive | ☑ Concurrent | to Offense # _____ | or to Case # SEE ADDITIONAL INFO |
|---|---|---|---|---|

(20.)

*EXHIBIT 1*

Defendant's Full Name:   Walls, Christopher Edward

## Special Conditions

### Sex Offenses

Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form and pay the Mandatory Sex Offender Fee of $250.   [☑] Yes   [ ] No

Defendant has committed an aggravated sex offense as defined in A.C.A. §12-12-903
[ ] Yes   [☑] No

Defendant is alleged to be a sexually dangerous person and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. §12-12-918.
[ ] Yes   [☑] No

Defendant has been adjudicated guilty of an offense requiring registration and has previously been adjudicated guilty of a prior sex offense under a separate case number.  If yes, list prior case numbers.
[☑] Yes   [ ] No   Case Number(s)  60CR-18-4796

### DNA Sample / Qualifying Offenses

Defendant has been adjudicated guilty of a qualifying offense or repeat offense as defined in A.C.A. §12-12-1103.   [☑] Yes   [ ] No

Defendant is ordered to have a DNA sample drawn at
[ ] an A.C.C. Facility   [☑] the A.D.C.   [ ] Other

### Domestic Violence Offenses

Defendant has been adjudicated guilty of a domestic-violence related offense and must pay additional court costs of $25 pursuant to A.C.A. §16-10-305 of 2017.
[ ] Yes   [☑] No

Defendant was originally charged with a domestic-violence related offense.
[ ] Yes   [☑] No

If Yes, state the A.C.A. # of the Offense

If Yes to either question, identify the relationship of the victim to the Defendant by offense number.

### Drug Crime

Defendant has been adjudicated guilty of a drug crime as defined in A.C.A. §12-17-101.
[ ] Yes   [☑] No

## Fines, Fees, Restitution

| Court Costs | NO | Restitution | |
| --- | --- | --- | --- |
| Fines | | Payable to [If multiple beneficiaries, give names and payment priority] | |
| Booking/Admin Fees ($40) | | | |
| Drug Crime Assessment Fee ($125) | | | |
| DNA Sample Fee ($250) | | Terms | [ ] Due Immediately |
| Children's Advocacy Center Fund Fee | | | [ ] Installments of: |
| Public Defender Attorney Fee | | | [ ] Payments must be made within _____ days of release from A.D.C. |
| Other (explain below) | $0.00 | | [ ] Upon release from confinement, Defendant must return to court to establish payment of restitution. |
| | | | [ ] Restitution is joint and several with co-defendant(s) who was found guilty. List name(s) and case number(s). |

## Sentence Options

Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act.   [ ] Yes   [☑] No

The Court hereby orders a judicial transfer to the Department of Community Correction.  [ ] Yes   [☑] No

Pursuant to Community Punishment Act, the defendant shall be eligible to have his/her records sealed.  [ ] Yes   [☑] No

Extended Juvenile Jurisdiction Applied   [ ] Yes   [☑] No

| JAIL TIME CREDIT In days:   113 | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months:   120   [ ] Life  [ ] LWOP | Death Penalty  [ ] Yes  [☑] No | If Yes, State Execution Date |
| --- | --- | --- | --- |

DEFENDANT IS ASSIGNED TO:   [☑] ADC   [ ] ADC, Admin. Transfer NOT Authorized   [ ] CCC   [ ] COUNTY JAIL   [ ] PROBATION   [ ] SIS

Conditions of disposition or probation are attached.   [ ] Yes   [☑] No

A copy of the Pre-sentence investigation on sentencing information is attached   [ ] Yes   [☑] No
A copy of the Prosecutor's Short Report is attached   [☑] Yes   [ ] No

[ ] Defendant is subject to delayed release pursuant to A.C.A. §5-4-405.

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS   [☑] Yes   [ ] No      Appeal Bond   $

The County Sheriff is hereby ordered to:   [ ] transport the defendant to county jail   [ ] take custody for referral to CCC   [☑] transport to ADC

Defendant shall report to DCC probation officer for report date to CCC   [ ] Yes   [☑] No

## Signatures

Prosecuting Attorney/Deputy
Signature:   *Melissa Ke—*      Date:   09-01-22
Print Name:   Melissa Kalmer

Circuit Judge
Signature:      Date:
Print Name:   LEON JOHNSON

Additional Info
NOLLE STRIKER; DEFENDANT IS NOT PAROLE ELIGIBLE UNDER 16-93-609 (b)(1); CONCURRENT TO CASES: 60CR-22-16; 22-805; 16-61; 18-1451; 18 4796

(21)

$EXHIBIT-3$



# Arkansas State Crime Laboratory
P.O. Box 8500
3 Natural Resources Drive
Little Rock, Arkansas 72215

**Laboratory Services**
(501) 227-5747

**DNA**
**REPORT OF LABORATORY ANALYSIS**

ANAB
ANSI National Accreditation Board
ACCREDITED
PROFESSIONAL
FORENSIC TESTING LABORATORY
SINCE DECEMBER 13, 2004

Investigating Officer/Agency/Address:

Kayla Pledger
Sherwood Police Department
2201 East Kiehl Ave.
Sherwood, AR 72120

Laboratory Case Number: 2020-027669
Agency Case Number: 2020-037382

Page 1 of 3

Suspect(s):

Frederick Robinson
Christopher Walls

Victim(s):

Veronica Cunalata

Date of Report: 08/27/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

## SUPPLEMENTAL REPORT TO ORIGINAL DNA REPORT ON 07/30/2021

A portion of the evidence listed below has only been analyzed utilizing the Qiagen Investigator Quantiplex Pro Kit for DNA quantitation.

A portion of the evidence listed below has been analyzed utilizing the Promega PowerPlex Fusion 6C PCR kit for STR based human identification. The following loci have been examined: Amelogenin, D3S1358, D1S1656, D2S441, D10S1248, D13S317, Penta E, D16S539, D18S51, D2S1338, CSF1PO, Penta D, THO1, vWA, D21S11, D7S820, D5S818, TPOX, D8S1179, D12S391, D19S433, SE33, D22S1045, DYS391, FGA, DYS576, and DYS570.

The results and conclusions contained in this report are based on the utilization of the above quantitation data, autosomal and Y-STR markers and the 2017 NIST US Population database.

### Evidence Analyzed:

| | |
|---|---|
| Q01-TL(I) | Tape Lifts from Underwear (Inner)(Item #1) |
| Q01-TL(O) | Tape Lifts from Underwear (Outer)(Item #1) |
| Q02-9S | Cuttings from Sheet (Item #2) |
| Q03-5S/B | Cuttings from Blanket (Item #3) |
| Q03-6S | Cuttings from Blanket (Item #3) |

### Results:

The DNA mixture obtained from Q01-TL(I) indicates the presence of DNA from at least two individuals and is inconclusive for comparative purposes due to the limited amount of DNA.

Q01-TL(O) did not contain a sufficient amount of DNA for further processing. It is noted that there was an indication of male DNA.

A DNA mixture consistent with originating from two individuals was obtained from Q02-9S. Major and minor components of this DNA mixture were able to be distinguished. The male major component of DNA identified on Q02-9S is consistent with the DNA extracted from K02, Blake Shadwick. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA profile obtained from the major component of Q02-9S are approximately: 1 in 2.94 nonillion in the Caucasian Population, 1 in 2.97 nonillion in the Hispanic Population, 1 in 19.6 decillion in the Asian Population, and 1 in 8.13 undecillion in the African American Population.

The female minor component of DNA identified on Q02-9S is consistent with the DNA obtained from K01, Veronica Cunalata. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA

(16)

4

Message-Id:<10035523@ared.uscourts.gov> Subject:Activity in Case 4:25-cv-01300-LPR-PSH Walls v. Payne Order on Motion for Extension of Time to File Response/Reply Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

<div align="center">

**U.S. District Court**

**Eastern District of Arkansas**

</div>

**Notice of Electronic Filing**

The following transaction was entered on 2/4/2026 at 3:48 PM CST and filed on 2/4/2026
**Case Name:**       Walls v. Payne
**Case Number:**    4:25-cv-01300-LPR-PSH
**Filer:**
**Document Number:** 10

**Docket Text:**
**ORDER granting [7] request for additional time in which to file a brief; and directing Walls to file his brief on or before 3/5/2026. (ajs)**

**4:25-cv-01300-LPR-PSH Notice has been electronically mailed to:**

Walker Hawkins    walker.hawkins@arkansasag.gov, ericha.clark@arkansasag.gov, theresa.griffin@arkansasag.gov

**4:25-cv-01300-LPR-PSH Notice has been delivered by other means to:**

Christopher Walls
ADC #130026
NORTH CENTRAL UNIT
Arkansas Division of Correction
10 Prison Circle
Calico Rock, AR 72519

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095794525 [Date=2/4/2026] [FileNumber=10035521-0
] [9610d120163249a30eb93007f843c7aca4faf46cff8dcd8abcbd1161661e9c8219a
1dc6b8f0543de32898e5be214603ece712693c973962288a26a32880b05a7]]

Exhibit - 4

*EXHIBIT-4*

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CHRISTOPHER WALLS**                              **PETITIONER**

### No. 4:25-cv-01300 LPR/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**        **RESPONDENT**

## ORDER

    The respondent Dexter Payne ("Payne") contends the petition for writ of habeas corpus filed by Christopher Walls ("Walls") should be dismissed because it is time-barred pursuant to 28 U.S.C. § 2244(d)(1), it is procedurally barred, and the claim for additional DNA testing is not cognizable in a federal habeas corpus action. Walls has generally responded to Payne's response. Doc. No. 8. In addition, Walls requests additional time in which to file his brief. Doc. No. 7.

    The request for additional time in which to file a brief (Doc. No. 7) is granted, and Walls is notified that he may respond to the specific contentions of Payne, listed above, in his brief. Walls is directed to file his brief on or before March 5, 2026.

    IT IS SO ORDERED this 4th day of February, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

Case: 4:25-cv-01300-LPR-PSH

CHRISTOPHER WALLS ADC#130026
NORTH CENTRAL UNIT
ARKANSAS DIVISION OF CORRECTION
10 PRISON CIRCLE
CALICO ROCK AR 72519

--------------------------------------------------------

Office of the *EXHIBIT-5*

# CRIMINAL JUSTICE COORDINATOR
# SUPREME COURT OF THE STATE OF ARKANSAS

**Criminal Justice Coordinator**
**Phone (501) 682-1637**

**Justice Building, Suite 1300**
**625 Marshall Street**
**Little Rock, Arkansas 72201**

September 25, 2025

Mr. Christopher Walls
ADC No. 130026
North Central Unit
10 Prison Circle
Calico Rock, AR 72519

Re:    *Christopher Walls v. State*, **CR-25-596**, pro se petition for writ of mandamus [60CR-22-1580, Pulaski
       County Circuit Court, pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001 filed
       October 8, 2024]

Dear Mr. Walls:

This will acknowledge receipt of your pro se petition for writ of mandamus and affidavit of indigency. The
mandamus petition pertains the above-referenced petition for writ of habeas corpus pursuant to Act 1780 of
2001 filed October 8, 2024. You contend that the Honorable Leon Johnson, Circuit Judge, has not acted
on the habeas petition in a timely manner. You have provided a copy of that petition and the sentencing
order in the case. The mandamus petition bears a Certificate of Service reflecting that you served Judge
Johnson with a copy of it by mail on September 10, 2025.

The petition has been filed. You will be advised of any action taken by the court regarding it. If you
have a change of address, including a change in place of incarceration, please notify this office promptly.

This office cannot return a file-marked copy of the mandamus petition to you as you request because you
did not tender an extra copy of it. To receive a file-marked copy, the petitioner/appellant must either
submit an extra copy of the pleading or submit 50 cents per page for a file-marked copy.

Cordially,
Office of the Criminal Justice Coordinator

cc    Hon. Leon Johnson, Circuit Judge
      Circuit Clerk of Pulaski County
      Clerk of the Arkansas Supreme Court

San:Mmd



COPY

# IN THE SUPREME COURT OF ARKANSAS

**CHRISTOPHER WALLS #130026**                                          **PETITIONER**

    **V**       **Case No.**

**HONORABLE LEON JOHNSON**                                          **RESPONDENT**
**PULASKI COUNTY CIRCUIT COURT JUDGE**

## PETITION FOR WRIT OF MANDAMUS

    Comes the petitioner , CHRISTOPHER WALLS #130026, pro-se and informa pauperis, and for his Petition For Writ of Mandamus, states the following:

## STATEMENT OF CASE

1.)    Petitioner was arrested and jailed in Pulaski County, Arkansas Detention Facility on January 25,2022, and charged with the rape of Veronica Cunalata on December 9, 2020, in violation of Arkansas Code Annotated (A.C.A.) §5-14-103.

2.)    On August 16,2022, under the advice of his public defender attorney, Petitioner entered a negotiated plea of Nolo Contendere to a reduced charge of Sexual Assault 2d Degree, in violation of A.C.A §5-14-125, in the Pulaski County Circuit Court, Case No. 60CR-22-1580.

    He was sentenced to 120 months in the Arkansas Department of Correction (ADC). See Sentencing Order on pages 🔢 🔢 . ——

3.)    On October 8, 2024, Petitioner Filed Petition Foe Writ of Habeas Corpus Pursuant To Act 1780 and A.C.A. §16-112-201, seeking the re-testing of three (3) items by a new test, called the "M-Vac" DNA test, which is a new wet-vacuum-based DNA collection method.



4.)   It's been at least seven (7) months since the Petition was filed and Petitioner has not received an answer from the Prosecuting Attorney or the Attorney General, nor has a decision been rendered by the trial court.

5.)   Petitioner's family has made numerous inquiries about the status of his case and has been unable to get a response about anything for certain, only the run-around. Petitioner's letters to the Clerk have went unanswered.

6.)   It is for these reasons that Petitioner is asking this Court to intervene and direct the trial court to process his Habeas Corpus Petition and render a decision in this matter.

## DISCUSSION

7.)   Under statutes governing habeas corpus based on new scientific evidence, a writ of habeas corpus may be issued on the basis of new scientific evidence proving a person actually innocent of the offense for which he was convicted. _McArty v State, 2020 Ark 68, 594 S.W. 3d 54_

8.)   Defendant's Alford Plea to murders of three (3), eights (8) years old victims did not automatically bar him from seeking additional post-conviction DNA testing of ligatures used to bind victims, based on new DNA collection technology, under statute governing such request in order to prove actual innocence of crime of conviction, which required petitioner to make prima facies showing that perpetrator's identity was issue at trial, where admission of guilt was not inherent in Alford Plea. _Echols v State, 2024 Ark. 61, 686 S.W.3d 790_

9.)   The specific evidence that was previously subjected to testing and the person making a motion under this section requests testing that uses a new method of technology that is substantially more probative than the prior testing. A.C.A.§16-112-202(3).

10.)  "This Court has of ten held Mandamus is the appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law and which requires no exercise of discretion or official judgment." _Gonder v Glover, 2015 Ark. 425,_ (quoting _Parker v Crow, 2010 Ark. 371, 368 S.W. 3d 902)._



11.) A Writ of Mandamus is an order by the Court compelling a judge, public official, or corporation to perform a ministerial duty required by law or custom, *Black's Law Dictionary.*

## RELIEF REQUESTED

12.) Petitioner's only request is that this Court direct the Pulaski County Circuit Court to make a decision on his Petition For Writ of Habeas Corpus Pursuant To Act 1780 and A.C.A. §16-112-201, Case No. 60CR-22-1580, that was filed on October 8, 2024.

Respectfully submitted,

Christopher Walls #130026
#10 Prison Circle
Calico Rock, AR 72519



### CERTIFICATE OF SERVICE

I, Christopher Walls #130026, do hereby certify, that a copy of the foregoing was sent to the Honorable Leon Johnson, Pulaski County Circuit Court Judge, at Courthouse, 401 W. Markham Street, Little Rock, AR 72201-1431, on this _10_ day of _OCTOBER_, 2025, via prepaid U.S. Mail.



# FORMAL ORDER

**STATE OF ARKANSAS,**  )

)

SUPREME COURT  )

      **BE IT REMEMBERED,** THAT A SESSION OF THE SUPREME COURT BEGUN AND HELD IN THE CITY OF LITTLE ROCK, ON NOVEMBER 6, 2025, AMONGST OTHERS WERE THE FOLLOWING PROCEEDINGS, TO-WIT:

SUPREME COURT CASE NO. CR-25-596

CHRISTOPHER WALLS                         PETITIONER

V. APPEAL FROM PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION –
   60CR-22-1580

STATE OF ARKANSAS                      RESPONDENT

      PETITIONER'S PRO SE PETITION FOR WRIT OF MANDAMUS IS DENIED. BAKER, C.J., AND HUDSON AND WOMACK, JJ., WOULD GRANT.

               IN TESTIMONY, THAT THE ABOVE IS A TRUE COPY OF THE ORDER OF SAID SUPREME COURT, RENDERED IN THE CASE HEREIN STATED, I; KYLE E. BURTON, CLERK OF SAID SUPREME COURT, HEREUNTO SET MY HAND AND AFFIX THE SEAL OF SAID SUPREME COURT, AT MY OFFICE IN THE CITY OF LITTLE ROCK, THIS 6TH DAY OF NOVEMBER, 2025.

               _____

                                 CLERK

ORIGINAL TO CLERK

CC:   CHRISTOPHER WALLS
       DARNISA EVANS JOHNSON, DEPUTY ATTORNEY GENERAL
       HON. LEON JOHNSON, CIRCUIT JUDGE





### Supreme Court of Arkansas

NICHOLAS J. BRONNI
ASSOCIATE JUSTICE

JUSTICE BUILDING
625 MARSHALL STREET
LITTLE ROCK, ARKANSAS 72201

PHONE: (501) 682-6867
EMAIL: nicholas.bronni@arcourts.gov

October 28, 2025

Christopher Walls
ADC #130026
North Central Unit
10 Prison Circle
Calico Rock, AR 72519

Darnisa Evans Johnson
Office of the Attorney General
101 West Capitol Ave.
Little Rock, AR 72201

     RE:   CR-25-596, *Christopher Walls v. State of Arkansas*

Dear Counsel:

I write to disclose information pursuant to Comment 5 to Rule 2.11 of the Arkansas Code of Judicial Conduct. That comment advises that,

"A judge should disclose on the record information that the judge believes the parties, or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification."

Consequently, I write to advise the parties that I was formerly employed at the Arkansas Attorney General's Office as the Solicitor General. But I have had no direct or indirect involvement in this matter.

If either party has information that necessitates that I disqualify myself from the pending matter, please notify me by letter copied to all counsel and filed of record.

Sincerely,

Nicholas J. Bronni

NJB/sdm

cc: All Justices
    Kyle E. Burton, Clerk of the Court

*EXHIBIT C*

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Jun-16  11:28:29
60CR-22-1580
C06D01 : 9 Pages

## In The Circuit Court of Pulaski County,
## Arkansas- First Division

Christopher Walls                                                    Petitioner

     vs       Case No. 60CR-22-1580

State of Arkansas                                                    Respondent

### <u>Motion to Compel</u>

Hereto comes, Petitioner, a pro se litigant within the confines of the Arkansas Division of Corrections (ADC) residing at the North-Central Unit under the sentence of this court.

Petitioner contends and alleges this court to compel arbitration for the purpose of this court to grant petitioner an order on "Petition of Writ of Habeas Corpus" pursuant to Act 1780 of 2001 and Arkansas Code Annotated §§ 16-112-201, 'provides that a writ of habeas corpus can issus based upon new scientific evidence proving a person actually innocence of the offense or offenses for for which he or she was convicted.' In which petitioner contends in the habeas corpus filed in the trial court that he was entitled to relief under the amended Act 1780 to and by Act 2250 of 2005.

## -BACKGROUND-

(1) Petitioner contends that he is a very unskilled in litigation or legal jargon and science of case law. Petitioner contends that this court hold him to a lesser stringent than an official lawyer. See <u>Haines v. Keraer, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972)</u>.

(2) Petitioner contend and alleges that on October 8th, 2024, the petitioner did file with this court his petition for writ of habeas corpus in the above styled case; he is alleging that he has never received any such response or effect from the arbitrators, or any such mediators, to resolve any final disposition. Showing or could be interpreted as part of a systematic effort to thwart Petitioner's access to a writ of habeas corpus or a successful appeal.

## ARGUMENTATION

(1) Petitioner contends under Ark. R. Civ. P. Rule 77(c) and Ark. R. Civ. P., Rule 5(b)

(3) If a final judgment or decree has been entered and the court has continuing jurisdiction, service upon a party by mail or commercial delivery company shall comply with requirements of Rule 4(g)(1) and (2), respectively.

(A) petitioner contends attentively that this court and its officer of clerkship is in violation of not one (1) but multiple area's of the rules of law; 1st within the Arkansas Rules of Civil Procedures this court violated within the means of Rule 77, 5 and 4 by a showing of irreparable harm within the means under the Arkansas Code of Judicial Conduct, also it has been violated within the means of Ark. R. Crim. P. 17.4 (a) 'The court in its discretion may require disclosure to defense counsel of other relevant material and information upon a showing of materiality to the preparation of the defense.' So petitioner contends and alleges the following: That Pulaski County Circuit Court in its discretion("unbridled opinion") may lay down as imperative to make known to defense ("petitioner or prose se litigant") counsel of other substantial relevant material and information upon a showing of materiality to the preparation of the petitioners defensive measures.

(2) Petitioner contends that this court or its clerkship has not exercised its due diligence of giving notice in a cognizable action within this court of a defensive repercussion or within a cognizable effect to remediate his petition for writ of habeas corpus with evidence submitted and filed on October 8th, 2024. For which a totality of (210) two hundred and ten days as of May the (5) fifth, 2025 has elapsed, causing irreparable injury in violation under Title 18 U.S. C. Sec. 1836, Title 18 U.S.C. Sec. 1963 (f), 'the court may restrain or stay the disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding or lack of with the sale or disposition of the property will result in irreparable injury, harm or loss to him.' See Clay v. United States Certiorari to the United States Court of Appeals for the Seventh Circuit, 537 U.S. 522, 155 L. Ed. 2 d 88 (2003). Also falls under Title 5 U.S.C. Sec. 705, Ark. Code 16-112-1213 Emergency Warrant, Ark. Code 16-112-204 see Echols v. State, 350 Ark. 42, 84 S.W. 3d 424 (Ark. 2002) and section 16-112-204 (a) provides that "[w]ithin twenty (20) days after the filing of the petition, the prosecuting attorney or the Attorney General shall respond to the petition by answer or motion which shall be filed with the court and served on the petitioner if unrepresented or served on the petitioner's attorney. "Whichin section 16-112-203(d) provides that "[t]he circuit clerk shall deliver a copy of the said petition to the prosecuting

attorney and to the Attorney General." As petitioners petition for writ of habeas corpus being admitted and submitted within the means of "Due Process" of law. See exhibit (1) one : Petitioners remedy request file marked within this court on or around October the 8th, 2024, is evidence that a major treatment of without favor of petitioners freedom of will to seek post-conviction review, shows an act of or will of predisposition upon petitioner within the means of a detrimental outcome. See Brady v. Maryland and Strickland v. Washington, also under the Uniform Post-Conviction Procedure Act, such as that the petitioner did not have a fair and unbiased judgment for or against one side in this dispute, causing an illicit infliction of injustice upon petitioner. See unde Federal Rules of Criminal Procedure Rule 14

"Substantial impairment of a defendant's ability to defend."

(3) The petitioner has submitted into this petition evidence of a newer and more advanced technological way of extracting DNA, it is a method known as (M-Vac) a method that is a wet-vacuum-base procedure (see exhibit (1) one, page 9.

(4) Petitioner asserts with sufficiency that as in Echols v. State, 2024 Ark. 01, 686 S,W. 3d 790, 795, the circuit court reasoned that, "[o]ur general assembly, did not make scientific testing based on a new technology an independent form of post-conviction relief, instead, the legislature amended statutory law, to make scientific testing based on new technology a form of habeas corpus relief. The Supreme Court in Echols v. State, 686 S.W. 3d 790 was reversed and remanded for an evidentiary hearing, holding that the circuit court had erroneously interpreted Arkansas Code Annotated sections 16-112-201 through - 208 and ordered the circuit court to reconsider the circuit court to reconsider Echols motion for a new trial in light of the proper interpretation of the statute.

(5) Petitioner contends that under Ark. Code Ann. 16-112-201-208 under Act 2250 of 2005. That petitioner specifically is seeking further forensic DNA testing of the following (2) two items:

1) Q01- TL (1) Tape lifts from underwear (inner) (item #1).

2) Q01 - TL (0) Tape lifts from underwear (outer) (item #1)

3

using the new M-Vac DNA - collection technology. Which is a more technology advanced procedure then utilized testing done by the Arkansas State Crime Laboratory on or about August 27, 2021 whereby they used the Promega Power Plex Fusion 6C(PCR) polymerase chain reaction, providing a Nucleic acid that is unique to that one person genetic identity.

According to an article in the Journal of Forensic Sciences, "the wet-vacuum-based collection system is designed for recovering DNA from porous substrates like for instance underwear. See 65J. Forensic Scis. 1828 (2020). **SEE EXHIBIT ONE, PAGE 16**.

<p style="text-align:center">RESOLUTION</p>

Petitioner contends by the rule of law this petition and all motions attached shall be within the means of the rules of 'Habeas Corpus', subjiciendum, faciendum et recipiendum and prosequendum. That this writ shall not be suspended, that this court should have the body for prosecuting and for removing a prisoner for trial or hearing in the proper jurisdiction of the issue or issuing court where the prisoner committed a crime.

(1) Petitioner contends and alleges with respect to the manner of or within the rule of law, that with great concern and acknowledgements with all presumed evidence exhibited which has been executed into the presence of this court, there has been a great undeniable meritorious defensive measures presented by petitioners writ of habeas also within the means of this motion requesting compellment for the constraints put upon or applied on this said 'writ of habeas'.

(2) This court is required under the 'rule of law' and legislation without detriment or a showing of, to attain ultimately the equalities of resolutions within the means of legal dexterity.

(A) This Court and its officials has transgressed beyond its or their responsibilities which in its self has caused upon and within this petitioners rights; an act of due process of law, duress, duplicity and manifest injustice whereby has caused a or interfered with or violate the legally protected interests of the petition for writ of habeas corpus also petitioner Christopher Walls by the subjugated inclinations of physical, emotional, and mental prospective attributes in this act of remediation. These are shown to be a prospective view of illicit violations State

<p style="text-align:center">4</p>

and Federal Administration of Legislations also State and United States Constitutional Amendments First, Fifth, Sixth, Eight and Fourteenth.

(3) Petitioner contends for relief, that this said court diligently exercise its said petitioners required legal attributes with the means of the "Uniform Post'Conviction Procedure Act", and the "Rule of Law" within the "Rule of Necessity" 'whereby a judge must adjudicate a case despite bias or prejudice upon personal interest when disqualification would result in the lack of any competent tribunal.' See Pillow v. King, 18 S.W. 764, 55 Ark. 633 (Ark. 1892), where the court was asked to adjudicate it, and to enforce its performance, by action upon the petition of Walls. Where Walls has been by fraudulent concealment which upon itself has deprived the petitioner. See Stewart v. State, 241 Ark. 4, 406 S.W. 2d 313 (Ark. 1966) Under the decisions, this Court in determining the right of a habeas corpus application to personal liberty must keep in mind:

1. That this Court is not concerned with the guilt or innocence of the petitioner, but only with whether he has been deprived of any right guaranteed to him under the Constitution and laws of the United States;

2. That the State Court's adjudication of a federal practice gives to the conclusions of a court of another jurisdiction on federal constitution issues;

3. That jurisdiction of this court to adjudicate the petitioner's federal claims is not affected by procedural defaults incurred by the petitioner during the state court proceedings except in those rare instances when he, after consultation with competent counsel, or otherwise, has understandingly and knowingly by passed the privilege of seeking to vindicate his federal claims in the state courts;

4. That in any case, where habeas corpus petitioner alleges facts which if proved would entitle him to relief, this Court must grant a full and plenary evidentiary hearing where:

    (a) the merits of factual dispute were not resolved in the state court hearing;

    (b) the state factual determination is not fairly supported by the record as a whole;

    (c) the fact-finder procedure employed by the state court was not adequate to afford a full and fair hearing;

    (d) there is a substantial allegation of newly discovered evidence;

    (e) the material facts were not adequately developed at the state court hearing; and

    (f) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

5. And that since controlling weight may not be given to a prior denial of an application for a habeas corpus unless the prior determination was made on the merits, the applicant must be urged to present all of his federal claims in one proceeding to prevent the possibility that this Court will be used to thwart, or at least procrastinate the orderly enforcement of the state's criminal laws through the use of successive applications by a state prisoner.' See under Arkansas Code Annotated §§ 16-108-228 (formerly §16-108-219) also under Rule 4(b).

<div align="center">-RELIEF-</div>

(1) Petitioner contends that he is free from moral wrong, especially within the aspects of perpetrations upon Ms. Veronica Cunalata (See exhibit one, page 10).

(2) Petitioner contends, for this reason in the interest of justice and full disclosure, that this court or State prosecution order within the means to show validity towards the indications of a meritorious defense tactic, a new DNA test done under the "M-Vac" technology spectrum. (see exhibit one) page 8; Wet-Vacuum based DNA collection method for special porous substrate fabrics.

(3) Petitioner contends and alleges that this Court redeem the petitioner's legal attributable merits, cure/correct these wrongs, invaded or encroachment of legal rights under Due Process.

(4) WHEREFORE, Petitioner asserts that this Court under the Honorable Administration follow the 'rules of law' and grant infavor of this motion to compel petitioners pro se "petition for writ of habeas corpus" and grant by law hearing in the presents of petitioners body and all other relief deemed just and proper to the fairness of law.

<div align="center">JURISDICTION</div>

This motion is filed with the court of proper jurisdiction under Rule 2 of Arkansas Rules of Criminal Procedures

Respectfully submitted,

_____

Christopher Walls
#130026
10 Prison Circle
Calico Rock, AR. 72519

STATE OF ARKANSAS    )
                           ) SS
COUNTY OF IZARD    )

SUBSCRIBED AND SWORN TO BEFORE ME,  a Notary Public this _____ day of
_____, 20 ____.


_____

NOTARY PUBLIC

My Commission Expires:
_____

7

EXHIBIT-7

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2024-Oct-08 13:39:59
60CR-22-1580
C06D01 : 23 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## FIRST DIVISION

CHRISTOPHER WALLS #130026                    PETITIONER

v.                CASE No. 60CR-22-1580

STATE OF ARKANSAS                    RESPONDENT


## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO ACT 1780 AND A.C.A. 316-112-201

Comes the Petitioner, CHRISTOPHER WALLS, pro-se, and for his second successive Petition For Writ of Habeas Corpus, states the following:

## BACKGROUND

1.) Petitioner was arrested and jailed on January 25, 2022, in Pulaski County, Arkansas, for the rape of Veronica Cunalata, on December 9, 2020, in violation of A.C.A. 35-14-123.

2.) On August 16, 2022, with the advice of his public defender attorney, Petitioner entered a negotiated plea of nolo contendere to a reduced charge of Sexual Assault In The Second Degree, in violation of A.C.A. 35-14-125, in the Circuit Court of Pulaski County, Arkansas, Case No. 60CR-22-1580. (See Sentencing Order on pages 11-12). He was sentenced to 120 months (10 years) in the ADC.

## LEGAL FACTS

3.) Under statutes governing habeas corpus based on new scientific evidence, a writ of habeas corpus may be issued on the basis of new scientific evidence proving a person actually innocent of the offense for which he was convicted. McArty v State, 2020 Ark. 68, 594 S.W.3d 54 (2020).

4.) A trial court can order scientific testing postconviction when the proposed testing of the specific evidence may produce new material evidence that would support the theory of defense and raise a reasonable probability that the defendant did not commit the offense. Wells v State, 2017 Ark. 88, 513 S.W.3d 834 (2017).

5.) A petitioner for writ of habeas corpus based on new scientific evidence is required to demonstrate that the identity of the perpetrator was at issue during the investigation and prosecution of the offense being challenged. McArty v State, 2020 Ark. 68, 594 S.W.3d 54 (2020).

6.) Defendant's Alford plea to murders of three eight-year-old victims did not automatically bar him from seeking additional post conviction DNA testing of ligatures used to bind victims, based on new DNA collection technology, under statute governing such request in order to prove actual innocence of crime of conviction, which required petitioner to make prima facie showing that perpetrator's identity was issue at trial, where admission of guilt was not inherent in Alford plea. Echols v State, 2024 Ark. 61, 686 S.W.3d 790.

7.) A.C.A. §16-112-201(a), provides "Except when direct appeal is

(2.)

available, a person convicted of a crime may commence a proceeding to secure relief by filing a petition in the court in which the conviction was entered to vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sentence or make other disposition as may be appropriate, if the person claims under penalty of perjury that:

(1) Scientific evidence not available at trial establishes the petitioner's actual innocence; or . . . . .

8.) The specific evidence was previously subjected to testing and the person making a motion under this section requests testing that uses a new method of technology that is substantially more probative than the prior testing. A.C.A. 16-112-202(3).

9.) The specific evidence to be tested is in the possession of the state and has been subject to a chain of custody and retained under conditions sufficient to ensure that the evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed testing. A.C.A. § 16-112-202(4).

10.) The person making a motion under this section identifies a theory of defense that:

(A) Is not inconsistent with an affirmative defense presented at the trial of the offense being challenged under § 16-112-201; and

(B) Would establish the actual innocence of the person in relation to the offense being challenged under § 16-112-201.

11.) The identity of the perpetrator was at issue during the

(3.)

investigation or prosecution of the offense being challenged under §16-112-201.  A.C.A. §16-112-202(7)

12.)  The proposed testing is reasonable in scope, utilizes scientifically sound methods, and is consistent with accepted forensic practices.  A.C.A. §16-112-202(5).

13.)  The person making a motion under this section certifies that he or she will provide a deoxyribonucleic acid (DNA) or other sample or a fingerprint for comparison;  A.C.A. §16-112-202(6)

14.)  There shall be a rebuttable presumption of timeliness for any motion not made within thirty-six (36) months of the date of conviction. The presumption may be rebutted upon a showing "That a new method of technology that is substantially more probative than prior testing is available. A.C.A. §16-112-202(10)(B)(iv).

## JURISDICTION/VENUE

15.)  Jurisdiction and Venue are proper in the Pulaski County, Arkansas Circuit Court because a petition for writ of habeas corpus based on new scientific evidence is proper when filed in the circuit court of the county of conviction. Muldrow v. Kelley, 2018 Ark. 126, 542 S.W. 3d 856 ; Hill v Kelley, 2018 Ark. 118, 542 S.W. 3d 852.

## PRIOR PROCEEDINGS

16.)  Petitioner submitted a prior petition for writ of habeas

(4.)

corpus pursuant to Act 1780 of 2001, but at the time, he had no knowledge or understanding of what he was expected to do and the burden of proof he had to overcome. Petitioner doesn't remember the exact filing date, but the Order Denying Habeas Corpus Petition was signed by the Honorable Leon Johnson on 8/29/24 and filed on September 3, 2024. Petitioner has since read the pertinent statutes, A.C.A. §§16-112-201-208, and hopes this Petition will better represent his meaningful intentions.

## DISCUSSION

17.) Part of the investigation that was performed by the Sherwood, Arkansas Police Department was the collection of all the evidence alleged to have Petitioner's DNA on it, that would positively identify him as one (1) of two (2) perpetrator's that allegedly raped the victim, Veronica Cunalata

18.) Detective Kayla Pledger, of the Sherwood, Arkansas Police Department, collected several samples that the Arkansas State Crime Laboratory tested for possible matches of DNA to collaborate the victim's accusations. They were identified as: K01-Oral Swabs from victim, Veronica Cunalata (item #4);
K02-Oral Swabs from boyfriend, Blake Shadwick (item #5);
K03-Oral Swabs from suspect, Frederick Robinson (item #7);
Q01- Underwear from Veronica Cunalata (item #1);
Q02- Sheet from Veronica Cunalata (item #2); and
Q03- Blanket from Veronica Cunalata (item #3)
(See Lab Report dated March 19, 2021, on page 13).

(5.)

19.) A Lab Report was issued on July 30, 2021, that gave a list of items that was analyzed for a DNA match that would confirm Veronica Cunalata's accusation of Rape against the Petitioner. They were identified as:

Q03-26S/B Cuttings from Blanket (item 3)
Q03-31S Cuttings from Blanket (item 3)
Q03-39S/B Cuttings from Blanket (item 3)
K01 Known Oral Swabs from Veronica Cunalata (item 4)
K02 Known Oral Swabs from Blake Shadwick (item 5)
K03 Known Oral Swabs from Frederick Robinson (item 7)

There was no indication that Petitioner's DNA was present on any of the items analyzed. (See pages 14-15).

20.) Another Lab Report was issued on August 27, 2021. The items that were analyzed for a DNA match to Petitioner were:

Q01-TL(I) Tape Lifts From Underwear (Inner)(item #1)
Q01-TL(O) Tape Lifts From Underwear (Outer)(item #1)
Q02-9S Cuttings From Sheet (item #2)
Q03-5S/B Cuttings From Blanket (item #3)
Q03-6S Cuttings From Blanket (item #3)

There was no indication that Petitioner's DNA was present on any of the items analyzed (See pages 16-18).

21.) A Lab Report was issued on September 27, 2021, that indicated that Petitioner's DNA was found on item Q03-5S/B, Cutting from Blanket.

The Report went on to say that Petitioner was "excluded as a contributor to the DNA mixture obtained from Q02-9S, the male major component from Q03-6S, the male major component obtained from Q03-26S/B, the DNA mixture obtained from Q03-29S,

the male major and female intermediate components obtained from Q03-29S, the male major component obtained from Q03-32S/B, the DNA profile obtained from Q03-37S/B, and the male major component obtained from Q03-39S/B."

The Conclusion in this Report states that the "male DNA identified on the intermediate component on Q03-5S/B (blanket cuttings), originated from Christopher Walls, the Petitioner, within all scientific certainty. (See pages 19-20).

22.) The final Lab Reports were dated October 1, 2021. The items that were analyzed for a DNA match to Petitioner were:
Q03-29S Cuttings From Blanket of Veronica Cunalata (item #3)
Q03-32S/B Cuttings From Blanket of Veronica Cunalata (item #3)
Q03-37S/B Cuttings From Blanket of Veronica Cunalata (item #3)

There was no indication that Petitioner's DNA was present on any of the items analyzed. (See pages 21-22).

23.) Petitioner's DNA profile was excluded from the following items that were analyzed by the Arkansas Crime Lab:
Q02-9S Cuttings from Sheet- Veronica Cunalata
Q03-6S Blanket- Veronica Cunalata
Q03-26S/B Blanket- Veronica Cunalata
Q03-29S Blanket- Veronica Cunalata
Q03-32S/13 Blanket- Veronica Cunalata
Q03-37S/13 Blanket- Veronica Cunalata
Q03-39S/B Blanket- Veronica Cunalata

24.) The only items that are not identifiable as not being able to provide a DNA profile to any specific individual are:
Q03-31S Blanket, Q01-TL(I), and Q01-TL(o), the Inner

(7.)

and Outer sides of Veronica Cunalata's underwear.

25.)    The only item that Petitioner's DNA is on is a portion of a blanket. It was admitted to by the victim that Petitioner had spent the night in her home. It's obvious that he was given a blanket to cover himself with. It was December!

26.)    Petitioner Knows for a fact that he did not have any Kind of sexual activity with Veronica Cunalata, the alleged victim in this case.

27.)    Petitioner requests that this Court grant him permission to have a new DNA-collection method Known as the "M-Vac" method, that is a wet-vacuum-based procedure.

28.)    In Echols v State, 2024 Ark. 61, 686 S.W. 3d 790, 795 (2024) the circuit court reasoned that, "To Jur General Assembly did not make scientific testing based on new technology an independent form of post-conviction relief. Instead, the legislature amended statutory law to make scientific testing based on new technology a form of habeas corpus relief."

29.)    Petitioner claims that identity was an issue at trial. Id. at 796. That's the reason for his plea of "nolo contendere." (See Sentencing Order on page 11).

30.)    Petitioner's DNA was only conclusively found on a part of a blanket identified as Q03-55B.
        Petitioner's DNA profile was completely excluded from everything else that was tested, except for three (3) items,

(8.)

because there was not enough DNA present to make a determination that would positively identify the perpetrator(s).

## RELIEF REQUESTED

31.) Petitioner states under oath that he is innocent of the crimes perpetrated against Veronica Cunalata.

32.) For this reason and in the interest of justice and full disclosure, Petitioner requests that this Court order the "M-Vac", wet-vacuum-based DNA collection method performed on the three (3) items previously tested, in order to eliminate Petitioner as a suspect, and hopefully, identify the true sex offender. Petitioner seeks only to clear his name from a sex offense.

33.) The identification of the items Petitioner requests for re-testing under the new technology is:
Q03-315 Blanket- Veronica Cunalata
Q01-TL (I) Tape lifts from Veronica Cunalata underwear (inner)
Q01-TL (0) Tape lifts from Veronica Cunalata underwear (outer)

Respectfully submitted,

Christopher Walls

Christopher Walls #130026
#10 Prison Circle
Calico Rock, AR 72519

(9.)

## AFFIDAVIT / VERIFICATION

I, Christopher Walls #130026, the Petitioner herein, do hereby certify under penalty of perjury that all the facts and statements contained in the foregoing document are true and correct to the best of my Knowledge and belief.

Christopher Walls
Christopher Walls #130026

STATE OF ARKANSAS )
                  )ζ
COUNTY OF IZARD   )

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 30th day of September, 2024.

My Commission Expires: 9-5-2029

NOTARY PUBLIC

## CERTIFICATE OF SERVICE

Per A.C.A. ζ16-112-203(d), it is the Circuit Clerks responsibility to deliver a copy of this Petition to the Prosecuting Attorney and to the Attorney General.

Christopher Walls
Christopher Walls
#130026,
Pro-se Petitioner

(10.)

# SENTENCING ORDER

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Sep-12 11:33:15
60CR-22-1580
C06D01 : 3 Pages

IN THE CIRCUIT COURT OF **Pulaski** COUNTY, ARKANSAS,
**SIXTH** JUDICIAL DISTRICT **1** DIVISION

On **8/16/2022** the Defendant appeared before the Court, was advised of the nature of the charge(s), of Constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing.

## Offender

| Defendant [Last, First, MI] | Walls, Christopher Edward | | DOB | 6/16/1980 | Sex ☑ Male ☐ Female | Total Number of Counts | 1 |

| SID# | 745621 | Race & Ethnicity | ☐ Pacific Islander | ☐ White ☐ Other | ☑ Black ☐ Unknown | ☐ Asian ☐ Hispanic | ☐ Native American |

Supervision Status at Time of Offense    **PROBATION**

## Court Info

| Judge | LEON JOHNSON |
| Prosecuting Attorney/Deputy | Melissa Kalmer |
| Defendant's Attorney | LOU MARCZUK | ☐ Private ☐ Appointed ☑ Public Defender ☐ Pro Se |

Change of Venue  ☐ Yes  ☑ No
If Yes, from:

File Stamp

## Legal Statements

☐ Pursuant to A.C.A. §16-93-301 et seq., or _____ this Court, without making a finding of guilt or entering a judgment of guilt and with the consent of the Defendant defers further proceedings and places the Defendant on probation.

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment:

☐ is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions. The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Division of Community Correction (A.C.C.) rules and regulations.

☑ of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Division of Correction (A.D.C.) for the term specified on each offense shown below.

Defendant made a voluntary, knowing and intelligent waiver of right to counsel.    ☐ Yes  ☑ No

## Most Serious Offense

| A.C.A. # / Name of Offense | 5-14-125 – SEXUAL ASSAULT IN THE SECOND DEGREE | | Case # 2022-1580 |

| A.C.A. # Orig. Charge | 5-14-103 | ATN PCS102751696 | Offense was | ☐ Nolle Prossed | ☐ Dismissed | ☐ Acquitted |

| Offense Date | 12/9/2020 | Appeal from District Court | ☐ Yes ☑ No | Probation/SIS Revocation | ☐ Yes ☑ No |

| Criminal History Score | 4 | Seriousness Level | 6 | Offense is ☑ Felony ☐ Misd. ☐ Violation | Offense Classification ☐ Y ☐ A ☑ B ☐ C ☐ D ☐ U |

Presumptive Sentence  ☑ Prison Sentence of **84** to **180** months  ☐ Community Corrections Center  ☐ Alternative Sanction

| Number of Counts | 1 | Defendant ☐ Attempted ☐ Solicited ☑ Conspired to Commit the Offense |

**Defendant Sentence**
☑ ADC ☐ Jud Trans ☐ Cnty Jail

If probation or SIS accompanied by period of confinement, state time: _____ days _____ mths

| Imposed | 120 months | Sentence was enhanced _____ months, pursuant to A.C.A. |
| Probation | 0 months | Enhancement(s) is to run ☐ Concurrent ☐ Consecutive |
| SIS | 0 months | Defendant was sentenced as a habitual offender, pursuant to A.C.A.§ 5-4-501, subsection |
| Other | ☐ Life ☐ LWOP ☐ Death | ☐ (a) ☑ (b) ☐ (c) ☐ (d) |

| Victim Information [Multiple Victims] | ☐ N/A ☐ Yes ☑ No | Age 22 | Sex ☐ Male ☑ Female | Race & Ethnicity ☐ Pacific Islander | ☑ White ☐ Other | ☐ Black ☐ Unknown | ☐ Asian | ☐ Native American ☐ Hispanic |

Defendant voluntarily, intelligently and knowingly entered a

**Defendant**
☑ was sentenced pursuant to ☑ §16-93-301 et seq. ☐ Other

☑ negotiated plea of    ☐ guilty  ☑ nolo contendere
☐ was sentenced by a jury.

☐ plea directly to the court of    ☐ guilty  ☐ nolo contendere

☐ was found guilty by the court & sentenced by    ☐ court ☐ jury
☐ was found guilty at a jury trial & sentenced by    ☐ court ☐ jury
☐ was found guilty of lesser offense by    ☐ court ☐ jury

Sentence is a Departure  ☐ Yes  ☑ No  ☐ N/A

Sentence Departure  ☐ Durational  ☐ Dispositional  ☐ Both
If Durational, state how many months above/below the Presumptive Sentence    **0**

Departure Reason  Mitigating # _____  or Aggravating # **17**  (For Agg #17, Mit #9 or departure from guidelines, explain)
PURSUANT TO NEG'D PLEA

Sentence will run  ☐ Consecutive  ☑ Concurrent  to Offense # _____  or to Case # SEE ADDITIONAL INFO

(11)

Defendant's Full Name:  Walls, Christopher Edward

## Special Conditions

### Sex Offenses

Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form and pay the Mandatory Sex Offender Fee of $250.  ☑ Yes  ☐ No

Defendant has committed an aggravated sex offense as defined in A.C.A. §12-12-903
☐ Yes  ☑ No

Defendant is alleged to be a sexually dangerous person and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. §12-12-918.
☐ Yes  ☑ No

Defendant has been adjudicated guilty of an offense requiring registration and has previously been adjudicated guilty of a prior sex offense under a separate case number.  If yes, list prior case numbers.
☑ Yes  ☐ No    Case Number(s)  60CR-18-4796

### DNA Sample / Qualifying Offenses

Defendant has been adjudicated guilty of a qualifying offense or repeat offense as defined in A.C.A. §12-12-1103.  ☑ Yes  ☐ No

Defendant is ordered to have a DNA sample drawn at
☐ an A.C.C. Facility  ☑ the A.D.C.  ☐ Other

### Domestic Violence Offenses

Defendant has been adjudicated guilty of a domestic-violence related offense and must pay additional court costs of $25 pursuant to A.C.A. §16-10-305 of 2017.
☐ Yes  ☑ No

Defendant was originally charged with a domestic-violence related offense.
☐ Yes  ☑ No
If Yes, state the A.C.A. # of the Offense

If Yes to either question, identify the relationship of the victim to the Defendant by offense number.

### Drug Crime

Defendant has been adjudicated guilty of a drug crime as defined in A.C.A. §12-17-101.
☐ Yes  ☑ No

## Fines, Fees, Restitution

| Court Costs | NO | Restitution |
| --- | --- | --- |
| Fines | | Payable to (If multiple beneficiaries, give names and payment priority) |
| Booking/Admin Fees ($40) | | |
| Drug Crime Assessment Fee ($125) | | |
| DNA Sample Fee ($250) | | Terms ☐ Due Immediately |
| Children's Advocacy Center Fund Fee | | ☐ Installments of: |
| Public Defender Attorney Fee | | ☐ Payments must be made within _____ days of release from A.D.C. |
| Other (explain below) | $0.00 | ☐ Upon release from confinement, Defendant must return to court to establish payment of restitution. |
| | | ☐ Restitution is joint and several with co-defendant(s) who was found guilty.  List name(s) and case number(s). |

## Sentence Options

Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act.  ☐ Yes  ☑ No

The Court hereby orders a judicial transfer to the Department of Community Correction.  ☐ Yes  ☑ No

Pursuant to Community Punishment Act, the defendant shall be eligible to have his/her records sealed.  ☐ Yes ☑ No

Extended Juvenile Jurisdiction Applied  ☐ Yes ☑ No

| JAIL TIME CREDIT In days:  113 | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months:  120  ☐ Life  ☐ LWOP | Death Penalty ☐ Yes ☑ No | If Yes, State Execution Date |

DEFENDANT IS ASSIGNED TO:  ☑ ADC  ☐ ADC, Admin. Transfer NOT Authorized  ☐ CCC  ☐ COUNTY JAIL  ☐ PROBATION  ☐ SIS

Conditions of disposition or probation are attached.  ☐ Yes ☑ No

☐ Defendant is subject to delayed release pursuant to A.C.A. §5-4-405.

A copy of the Pre-sentence investigation on sentencing information is attached  ☐ Yes ☑ No

A copy of the Prosecutor's Short Report is attached  ☑ Yes ☐ No

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS  ☑ Yes  ☐ No    Appeal Bond  $

The County Sheriff is hereby ordered to :  ☐ transport the defendant to county jail  ☐ take custody for referral to CCC  ☑ transport to ADC

Defendant shall report to DCC probation officer for report date to CCC  ☐ Yes ☑ No

## Signature

Prosecuting Attorney/Deputy Signature:  _Melissa K [signature]_    Date: 09-01-22    Print Name:  Melissa Kalmer

Circuit Judge Signature:    Date:    Print Name:  LEON JOHNSON

Additional Info
NOLLE STRIKER; DEFENDANT IS NOT PAROLE ELIGIBLE UNDER 16-93-609 (b)(1); CONCURRENT TO CASES: 60CR-22-16; 22-805; 16-61; 18-1451; 1P 4796

(12)





# Arkansas State Crime Laboratory
P.O. Box 8500
3 Natural Resources Drive
Little Rock, Arkansas 72215
**Physical Evidence**
**REPORT OF LABORATORY ANALYSIS**

**ANAB**
ANSI National Accreditation Board
ACCREDITED
FORENSIC TESTING LABORATORY
SINCE DECEMBER 13, 2004

Laboratory Services
(501) 227-5747

Laboratory Case Number: 2020-027669
Agency Case Number: 2020-037382

Page 1 of 1

Investigating Officer/Agency/Address:

Kayla Pledger
Sherwood Police Department
2201 East Kiehl Ave.
Sherwood, AR 72120

Victim(s):

Veronica Cunalata

Suspect(s):

Frederick Robinson
Christopher Walls

Date of Report 03/19/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

**RESULTS:**

| | BLOOD | SEMEN |
|---|---|---|
| K01   Known Oral Swabs- Veronica Cunalata (Item #4) | | — |
| K02   Known Oral Swabs- Blake Shadwick (Item #5) | | — |
| K03   Known Oral Swabs- Frederick Robinson (Item #7) | | — |
| Q01   Underwear-Veronica Cunalata (Item #1) | | + sperm cell(s) |
| Q02   Sheet- Veronica Cunalata (Item #2) | | + sperm cell(s) |
| Q03   Blanket- Veronica Cunalata (Item #3) | | |

**FURTHER EXPLANATION OF RESULTS:**

Appropriate samples are being submitted for DNA testing. If a DNA profile is developed, known oral swabs are needed from any developed suspect(s).

**RETAINED SAMPLES:**
Item(s) K01, K02, and K03
Cutting(s) from Q01, Q02, and Q03
Tape lift(s) from Q01, Q02, and Q03

Lannon Bates, Forensic Serologist II
lannon.bates@crimelab.arkansas.gov

Emma - Crime Lab
501- 683- 6220

(13)



# Arkansas State Crime Laboratory
P.O. Box 3550
3 Natural Resources Drive
Little Rock, Arkansas 72215

*DNA*
## REPORT OF LABORATORY ANALYSIS

Laboratory Services
(501) 227-5747

Laboratory Case Number: 2020-027669
Agency Case Number: 2020-037382

Page 1 of 1

Investigating Officer/Agency/Address:

Kayla Plaeger
Sherwood Police Department
2201 East Kiehl Ave.
Sherwood, AR 72120

Suspect(s):

Frederick Robinson
Christopher Walls

Victim(s):

Veronica Cunalata

Date of Report: 07/30/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results listed below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

The evidence listed below has been analyzed utilizing the Promega PowerPlex Fusion 6C PCR kit for STR based human identification. The following loci have been examined: Amelogenin, D3S1358, D1S1656, D2S441, D10S1248, D13S317, Penta E, D16S539, D18S51, D2S1338, CSF1PO, Penta D, TH01, vWA, D21S11, D7S820, D5S818, TPOX, D8S1179, D12S391, D19S433, SE33, D22S1045, DYS391, FGA, DYS576, and DYS570.

All results and conclusions contained in this report are based on the utilization of the above autosomal and Y-STR markers and the 2017 NIST US Population database.

Evidence Analyzed:

Q03-26S/B        Cuttings from Blanket (Item #3)
Q03-31S          Cuttings from Blanket (Item #3)
Q03-39S/B        Cuttings from Blanket (Item #3)
K01              Known Oral Swabs from Veronica Cunalata (Item #4)
K02              Known Oral Swabs from Blake Shadwick (Item #5)
K03              Known Oral Swabs from Frederick Robinson (Item #7)

Results:

DNA mixtures consistent with originating from two individuals were obtained from Q03-26S/B and Q03-39S/B. Major and minor components of these DNA mixtures were able to be distinguished. The male major component of DNA identified on Q03-26S/B and Q03-39S/B is consistent with the DNA extracted from K02, Blake Shadwick. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA profile obtained from the major components of Q03-26S/B and Q03-39S/B are approximately: 1 in 2.94 nonillion in the Caucasian Population, 1 in 2.97 nonillion in the Hispanic Population, 1 in 19.6 decillion in the Asian Population, and 1 in 8.13 undecillion in the African American Population.

The minor components of DNA identified on Q03-26S/B and Q03-39S/B are inconclusive for comparative purposes due to the limited amount of DNA.

A DNA mixture consistent with originating from three individuals was obtained from Q03-31S. Major, intermediate, and minor components of this DNA mixture were able to be distinguished. The male major component of DNA identified on Q03-31S is consistent with the DNA extracted from K02, Blake Shadwick. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA profile obtained from the major component of Q03-31S are approximately: 1 in 68.3 octillion in the Caucasian Population, 1 in 37.5 octillion in the Hispanic Population, 1 in 292 nonillion in the Asian Population, and 1 in 179 decillion in the African American Population.

The female intermediate component of DNA identified on Q03-31S is consistent with the DNA obtained from K01, Veronica Cunalata. The probabilities of selecting an unrelated individual at random having a DNA profile matching the

(14)





# Arkansas State Crime Laboratory
## P.O. Box 8500
## 3 Natural Resources Drive
## Little Rock, Arkansas 72215
### DNA

**Laboratory Services**
(501) 227-5747

### REPORT OF LABORATORY ANALYSIS



| Investigating Officer/Agency/Address: | Laboratory Case Number: 2020-027669 | Page 2 of 2 |
|---|---|---|
| Kayla Pledger | Agency Case Number: 2020-037382 | |

Kayla Pledger
Sherwood Police Department
2201 East Kiehl Ave.
Sherwood, AR 72120

Suspect(s):
Frederick Robinson
Christopher Walls

Victim(s):
Veronica Cunalata

Date of Report: 07/30/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

DNA profile obtained from the intermediate component of Q03-31S are approximately: 1 in 205 octillion in the Caucasian Population, 1 in 5.25 octillion in the Hispanic Population, 1 in 124 octillion in the Asian Population, and 1 in 5.5 nonillion in the African American Population.

The minor component of the DNA mixture identified on Q03-31S is inconclusive for comparative purposes due to the limited amount of DNA.

K01, Veronica Cunalata, is excluded as a contributor to the major component of the DNA mixtures obtained from Q03-26S/B and Q03-39S/B.

K03, Frederick Robinson, is excluded as a contributor to the major component of the DNA mixtures obtained from Q03-26S/B, Q03-31S, Q03-39S/B the intermediate component of the DNA mixture obtained from Q03-31S.

### Conclusion:

The DNA identified on the major component of Q03-26S/B, Q03-31S and Q03-39S/B originated from K02, Blake Shadwick, within all scientific certainty.

The DNA identified on the intermediate component of Q03-31S originated from K01, Veronica Cunalata, within all scientific certainty.

The following profile(s) have been entered into CODIS: no evidentiary profiles were eligible.

If further testing is needed, two oral swabs are requested from any developed suspect(s).

Samples have been retained.

**Emma K Fort, Forensic DNA Analyst II**
*Emma.Fort@crimelab.arkansas.gov*

*DNA profiles, as noted above, have been entered into and/or searched against the Combined DNA Index System (CODIS) in accordance with state and national regulations. Notification will be issued to the investigating agency if any investigative leads are generated or if a profile is removed from CODIS at any time in the future.*



# Arkansas State Crime Laboratory

P.O. Box 8500
3 Natural Resources Drive
Little Rock, Arkansas 72215

**DNA**

Laboratory Services
(501) 227-5747

## REPORT OF LABORATORY ANALYSIS

Investigating Officer/Agency/Address:

Kayla Pledger
Sherwood Police Department
2201 East Kiehl Ave.
Sherwood, AR 72120

Laboratory Case Number: 2020-027669
Agency Case Number: 2020-037382

Page 1 of 3

Suspect(s):

Frederick Robinson
Christopher Walls

Victim(s):
Veronica Cunalata

Date of Report: 08/27/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

**SUPPLEMENTAL REPORT TO ORIGINAL DNA REPORT ON 07/30/2021**

A portion of the evidence listed below has only been analyzed utilizing the Qiagen Investigator Quantiplex Pro Kit for DNA quantitation.

A portion of the evidence listed below has been analyzed utilizing the Promega PowerPlex Fusion 6C PCR kit for STR based human identification. The following loci have been examined: Amelogenin, D3S1358, D1S1656, D2S441, D10S1248, D13S317, Penta E, D16S539, D18S51, D2S1338, CSF1PO, Penta D, THO1, vWA, D21S11, D7S820, D5S818, TPOX, D8S1179, D12S391, D19S433, SE33, D22S1045, DYS391, FGA, DYS576, and DYS570.

The results and conclusions contained in this report are based on the utilization of the above quantitation data, autosomal and Y-STR markers and the 2017 NIST US Population database.

### Evidence Analyzed:

| | |
|---|---|
| Q01-TL(I) | Tape Lifts from Underwear (Inner)(Item #1) |
| Q01-TL(O) | Tape Lifts from Underwear (Outer)(Item #1) |
| Q02-9S | Cuttings from Sheet (Item #2) |
| Q03-5S/B | Cuttings from Blanket (Item #3) |
| Q03-6S | Cuttings from Blanket (Item #3) |

### Results:

The DNA mixture obtained from Q01-TL(I) indicates the presence of DNA from at least two individuals and is inconclusive for comparative purposes due to the limited amount of DNA.

Q01-TL(O) did not contain a sufficient amount of DNA for further processing. It is noted that there was an indication of male DNA.

A DNA mixture consistent with originating from two individuals was obtained from Q02-9S. Major and minor components of this DNA mixture were able to be distinguished. The male major component of DNA identified on Q02-9S is consistent with the DNA extracted from K02, Blake Shadwick. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA profile obtained from the major component of Q02-9S are approximately: 1 in 2.94 nonillion in the Caucasian Population, 1 in 2.57 nonillion in the Hispanic Population, 1 in 19.6 decillion in the Asian Population, and 1 in 8.13 undecillion in the African American Population.

The female minor component of DNA identified on Q02-9S is consistent with the DNA obtained from K01, Veronica Cunalata. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA



# Arkansas State Crime Laboratory
P.O. Box 8500
3 Natural Resources Drive
Little Rock, Arkansas 72215
*DNA*
*REPORT OF LABORATORY ANALYSIS*

Laboratory Services
(501) 227-5747

Investigating Officer/Agency/Address:

Kayla Pledger
Sherwood Police Department
2201 East Kiehl Ave.
Sherwood, AR 72120

Laboratory Case Number:2020-027669
Agency Case Number:2020-037382

Page 2 of 3

Suspect(s):

Frederick Robinson
Christopher Walls

Victim(s):

Veronica Cunalata

Date of Report: 08/27/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

profile obtained from the minor component of Q02-9S are approximately: 1 in 850 quadrillion in the Caucasian Population, 1 in 70.2 quadrillion in the Hispanic Population, 1 in 38.6 quadrillion in the Asian Population, and 1 in 34.6 quadrillion in the African American Population.

K03, Frederick Robinson, is excluded as a contributor to the DNA mixture identified on Q02-9S.

A DNA mixture consistent with originating from three individuals was obtained from Q03-5S/B. A male major, a male intermediate, and a minor component were able to be distinguished. The male major component of DNA identified on Q03-5S/B is consistent with the DNA extracted from K02, Blake Shadwick. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA profile obtained from the major component of Q03-5S/B are approximately: 1 in 2.94 nonillion in the Caucasian Population, 1 in 2.97 nonillion in the Hispanic Population, 1 in 19.6 decillion in the Asian Population, and 1 in 8.13 undecillion in the African American Population.

The male intermediate component of the DNA mixture identified on Q03-5S/B is suitable for comparative purposes pending the submission of additional known samples.

The minor component of the DNA mixture identified on Q03-5S/B is consistent with the DNA profile obtained from K01, Veronica Cunalata. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA profile obtained from the minor component of Q03-5S/B are approximately: 1 in 265 million in the Caucasian Population, 1 in 183 million in the Hispanic Population, 1 in 136 million in the Asian Population, and 1 in 280 million in the African American Population.

K03, Frederick Robinson, is excluded as a contributor to the male major component, the male intermediate component, and the minor component of DNA identified on Q03-5S/B.

A DNA mixture consistent with originating from three individuals was obtained from Q03-6S. Major and minor components of this DNA mixture were able to be distinguished. The male major component of DNA identified on Q03-6S is consistent with the DNA extracted from K02, Blake Shadwick. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA profile obtained from the major component of Q03-6S are approximately: 1 in 2.94 nonillion in the Caucasian Population, 1 in 2.97 nonillion in the Hispanic Population, 1 in 19.6 decillion in the Asian Population, and 1 in 8.13 undecillion in the African American Population.

The minor components of the DNA mixture identified on Q03-6S are inconclusive for comparative purposes due to the limited amount of DNA.

K01, Veronica Cunalata, and K03, Frederick Robinson, are excluded as contributors to the male major component of DNA identified on Q03-6S.

(17)



# Arkansas State Crime Laboratory
P.O. Box 8500
3 Natural Resources Drive
Little Rock, Arkansas 72215
*DNA*
**REPORT OF LABORATORY ANALYSIS**



Laboratory Services
(501) 227-5747

| Investigating Officer/Agency/Address: | | |
|---|---|---|
| Kayla Pledger | Laboratory Case Number: 2020-027669 | Page 3 of 3 |
| Sherwood Police Department | Agency Case Number: 2020-037382 | |
| 2201 East Kiehl Ave. | | |
| Sherwood, AR 72120 | | |

| Suspect(s): | Victim(s): |
|---|---|
| Frederick Robinson | Veronica Cunalala |
| Christopher Walls | |

Date of Report: 08/27/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

**Conclusion:**

The DNA identified on the major component of the mixture obtained from Q02-9S, the major component of the mixture obtained from Q03-5S/B, and the major component of the mixture obtained from Q03-6S, originated from K02, Blake Shadwick, within all scientific certainty.

The DNA identified on the minor component of the mixture obtained from Q02-9S originated from K01, Veronica Cunalata, within all scientific certainty.

The following profile(s) have been entered into CODIS: the male intermediate component obtained from Q03-5S/B.

If further testing is needed, two oral swabs are requested from any developed suspect(s).

Samples have been retained.

*Emma K. Fort*

**Emma K Fort, Forensic DNA Analyst II**
*Emma.Fort@crimelab.arkansas.gov*

*DNA profiles, as noted above, have been entered into and/or searched against the Combined DNA Index System (CODIS) in accordance with state and national regulations. Notification will be issued to the investigating agency if any investigative leads are generated or if a profile is removed from CODIS at any time in the future.*

(18.)

 

### Arkansas State Crime Laboratory
P.O. Box 8500
3 Natural Resources Drive
Little Rock, Arkansas 72215



Laboratory Services
(501) 227-5747

**DNA**
**REPORT OF LABORATORY ANALYSIS**

Investigating Officer/Agency/Address:

Kayla Pledger
Sherwood Police Department
2201 East Kiehl Ave.
Sherwood, AR 72120

Laboratory Case Number: 2020-027669
Agency Case Number: 2020-037382

Page 1 of 2

Suspect(s):
Frederick Robinson
Christopher Walls

Victim(s):
Veronica Cunanan

Date of Report: 09/27/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

### SUPPLEMENTAL REPORT TO ORIGINAL DNA REPORT ON 07/30/2021

The evidence listed below has been analyzed utilizing the Promega PowerPlex Fusion 6C PCR kit for STR based human identification. The following loci have been examined: Amelogenin, D3S1358, D1S1656, D2S441, D10S1248, D13S317, Penta E, D16S539, D18S51, D2S1338, CSF1PO, Penta D, TH01, vWA, D21S11, D7S820, D5S818, TPOX, D8S1179, D12S391, D19S433, SE33, D22S1045, DYS391, FGA, DYS570, and DYS570.

All results and conclusions contained in this report are based on the utilization of the above autosomal and Y-STR markers and the 2017 NIST US Population database.

Related ASCL Case #2018-012960

**Evidence Analyzed:**

CW     Known Oral Swabs from Christopher Walls (E-10)(Submitted under ASCL Case #2018-012960)

**Results:**

The male intermediate component of the DNA mixture identified on Q03-5S/B, Cuttings of Blanket, is consistent with the DNA profile obtained from CW, Christopher Walls. The probabilities of selecting an unrelated individual at random having a DNA Profile matching the male intermediate component obtained from Q03-5S/B are approximately: 1 in 25.5 septillion in the Caucasian Population, 1 in 10.5 septillion in the Hispanic Population, 1 in 2.46 septillion in the Asian Population, and 1 in 180 sextillion in the African American Population.

CW, Christopher Walls, is excluded as a contributor to the DNA mixture obtained from Q02-9S, the male major component obtained from Q03-6S, the male major component obtained from Q03-26S/B, the DNA mixture obtained from Q03-29S, the male major and female intermediate components obtained from Q03-31S, the male major component obtained from Q03-32S/B, the DNA profile obtained from Q03-37S/B, and the male major component obtained from Q03-39S/B.

**Conclusion:**

The male DNA identified on the intermediate component on Q03-5S/B originated from CW, Christopher Walls, within all scientific certainty.

The following profile(s) have been entered into CODIS: no profiles were eligible.

Samples have been retained.

(19.)



# Arkansas State Crime Laboratory
P.O. Box 8500
3 Natural Resources Drive
Little Rock, Arkansas 72215
## DNA
### REPORT OF LABORATORY ANALYSIS

**ANAB**
ANSI National Accreditation Board
ACCREDITED
FORENSIC TESTING
LABORATORY
SINCE DECEMBER 13, 2004

Laboratory Services
(501) 227-5747

Laboratory Case Number: 2020-027669        Page 2 of 2
Agency Case Number: 2020-037382

Investigating Officer/Agency/Address:

Kayla Pledger
Sherwood Police Department
2201 East Kiehl Ave.
Sherwood, AR 72120

Victim(s):
Veronica Cunalata

Suspect(s):
Frederick Robinson
Christopher Walls

Date of Report: 09/27/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

*Emma K Fort*

**Emma K Fort, Forensic DNA Analyst II**
*Emma.Fort@crimelab.arkansas.gov*

*DNA profiles, as noted above, have been entered into and/or searched against the Combined DNA Index System (CODIS) in accordance with state and national regulations. Notification will be issued to the investigating agency if any investigative leads are generated or if a profile is removed from CODIS at any time in the future*

(20,)

8



## Arkansas State Crime Laboratory
P.O. Box 8500
3 Natural Resources Drive
Little Rock, Arkansas 72215
*DNA*
*REPORT OF LABORATORY ANALYSIS*



Laboratory Services
(501) 227-5747

| Investigating Officer/Agency/Address: | | |
| --- | --- | --- |
| Kayla Pledger | Laboratory Case Number: | 2020-027669 |
| Sherwood Police Department | Agency Case Number: | 2020-037382 |
| 2201 East Kiehl Ave. | | Page 1 of 2 |
| Sherwood, AR 72120 | | |

Suspect(s):

Frederick Robinson
Christopher Walls

Victim(s):

Veronica Cunalata

Date of Report: 10/01/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The result stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

## SUPPLEMENTAL REPORT TO ORIGINAL DNA REPORT ON 07/30/2021

The evidence listed below has been analyzed utilizing the Promega PowerPlex Fusion 6C PCR kit for STR based human identification. The following loci have been examined: Amelogenin, D3S1358, D1S1656, D2S441, D10S1248, D13S317, Penta E, D16S539, D18S51, D2S1338, CSF1PO, Penta D, THO1, vWA, D21S11, D7S820, D5S818, TPOX, D8S1179, D12S391, D19S433, SE33, D22S1045, DYS391, FGA, DYS576, and DYS570.

All results and conclusions contained in this report are based on the utilization of the above autosomal and Y-STR markers and the 2017 NIST US Population database.

### Evidence Analyzed:

| | |
| --- | --- |
| Q03-29S | Cuttings from Blanket of Veronica Cunalata (Item #3) |
| Q03-32S/B | Cuttings from Blanket of Veronica Cunalata (Item #3) |
| Q03-37S/B | Cuttings from Blanket of Veronica Cunalata (Item #3) |

### Results:

A DNA mixture consistent with originating from two individuals was obtained from Q03-29S. Major and minor components of this DNA mixture were able to be distinguished. The female major component of DNA identified on Q03-29S is suitable for comparative purposes pending submission of additional known sample.

The male minor component of DNA identified on Q03-29S is consistent with the DNA extracted from K02, Blake Shadwick. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA profile obtained from the minor component of Q03-29S are approximately: 1 in 3.48 trillion in the Caucasian Population, 1 in 4.07 trillion in the Hispanic Population, 1 in 12.7 trillion in the Asian Population, and 1 in 12.5 quadrillion in the African American Population.

A DNA mixture consistent with originating from three individuals was obtained from Q03-32S/B. A male major component was able to be distinguished and is suitable for comparative purposes pending the submission of additional known samples.

The minor component to the DNA mixture obtained from Q03-32S/B is inconclusive for comparative purposes due to the insufficient quality of data.

The DNA profile obtained from Q03-37S/B is consistent with the DNA profile obtained from K02, Blake Shadwick. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA profile obtained from Q03-37S/B are approximately: 1 in 2.94 nonillion in the Caucasian Population, 1 in 2.07 nonillion in the Hispanic Population, 1 in 19.6 decillion in the Asian Population, and 1 in 8.13 undecillion in the African American Population.

(21)



# Arkansas State Crime Laboratory
P.O. Box 8500
3 Natural Resources Drive
Little Rock, Arkansas 72215
*DNA*
### REPORT OF LABORATORY ANALYSIS



Laboratory Services
(501) 227-5747

| | |
|---|---|
| Investigating Officer/Agency/Address: | Laboratory Case Number: 2020-027669  Page 2 of 2 |
| Kayla Pledger | Agency Case Number: 2020-037382 |
| Sherwood Police Department | |
| 2201 East Kiehl Ave. | |
| Sherwood, AR 72120 | |

Suspect(s):

Frederick Robinson
Christopher Walls

Victim(s):

Veronica Cunalata

Date of Report: 10/01/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

K01, Veronica Cunalata, and K03, Frederick Robinson, are excluded as contributors to the DNA mixture identified on Q03-29S, the male major component identified on Q03-32S/B, and the DNA profile obtained from Q03-37S/B.

K02, Blake Shadwick, is excluded as a contributor to the male major component identified on Q03-32S/B.

<u>Conclusion:</u>

The minor component of DNA identified on Q03-29S and the DNA profile obtained from Q03-37S/B originated from K02, Blake Shadwick, within all scientific certainty.

The following profile(s) have been entered into CODIS: the male major component obtained from Q03-32S/B.

If further testing is needed, two oral swabs are requested from any developed suspect(s).

Samples have been retained.

*Emma K. Fort*

**Emma K Fort, Forensic DNA Analyst II**
*Emma.Fort@crimelab.arkansas.gov*

*DNA profiles, as noted above, have been entered into and/or searched against the Combined DNA Index System (CODIS) in accordance with state and national regulations. Notification will be issued to the investigating agency if any investigative leads are generated or if a profile is removed from CODIS at any time in the future.*

(22.)

EXHIBIT-8

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2024-Jul-30 08:00:16
60CR-22-1580
C06D01 : 18 Pages

RESPONDENT'S EXHIBIT A

IN THE CIRCUIT COURT OF **Pulaski** COUNTY, ARKANSAS

_____ **1ST** _____ DIVISION

**Christopher Walls**                                    PETITIONER

                        NO. **2022-1580**

VS.

                                                    RESPONDENT

**STATE OF ARKANSAS**

## HABEAS CORPUS PETITION
### (ACA § 16-112-201-208)

Comes now the Petitioner, **Christopher Walls**, ADC #**130026**
and for his/her *pro se* Habeas Corpus Petition for absolute dismissal of the criminal conviction
against him/her, alleges and states:

1. That Petitioner, an indigent, is a prisoner in custody of the Arkansas Department of
Correction, **North Central** Unit, under sentence of the Circuit Court of
**Pulaski** County, Arkansas, having been sentenced on **August 16th**,
20**22**, for conviction of a felony.

2. That said conviction was based on an information or warrant filed against
Defendant/Petitioner on or about **April 28th**, 20**22**, accusing the
Defendant/Petitioner of the offense(s) of **Sexual Assault in the
Second Degree / Case #60 CR-22-1580**,
in violation of Ark. Code Ann. **5-14-125**, a class **B** felony.

3. That Petitioner asserts actual innocence and this Court has jurisdiction pursuant to
the Arkansas Constitution and Arkansas Code Annotated 16-112-201, et seq.

4. That Petitioner has previously filed the following Post-Conviction Petitions on the
grounds listed for each (list each Petition, date, Court where filed, and the grounds alleged. Rule
37, for example): **Habeas Corpus Petition, Pulaski County
New Discovered Evidence Factually
innocent of the offense 7-3-24**

                                                    3/8/17 (ADC)

5.    That Petitioner asserts the following newly discovered evidence OR advances in technology to test existing evidence now exist that will establish the actual innocence of Petitioner:

*Section 5 is Attached*

6.    That Petitioner is entitled to have the testing performed by the Arkansas Crime lab and to promptly have a hearing on the issues in the Court in which the Conviction was granted.

WHEREFORE, Petitioner prays this Court enter an order to set a hearing on the motion herein; to appoint an attorney for Petitioner for such hearing, and for all relief which may be just and proper.

Respectfully submitted,

*Christopher Walker*

Petitioner, pro se
ADC # *130026*

*north central* Unit
Arkansas Department of Correction

*10 Prison Circle* AR *72519*
*Calico Rock*

3/8/17 (ADC)

ATTACH:
MOTION TO TRANSPORT BY SHERIFF
ORDER TO TRANSPORT BY SHERIFF
POSTCONVICTION COVER SHEET

File in County where you were convicted.

3/8/17 (ADC)

PART "2" OF EXHIBIT "A"

| Firearms Submissions—By signing, I hereby certify all listed firearms are unloaded Signature. | | Date | |
|---|---|---|---|
| | | | HC USPS UPS FedEx DHL |

## ARKANSAS STATE CRIME LABORATORY
### EVIDENCE SUBMISSION FORM (2 of 2)
All fields required except where noted          www.arkansas.gov/CRIMELAB

ASCL Case # 2020 027669

Agency Case # 2020-037382

**Evidence will be analyzed using a priority based system. List the priority of your evidence for analysis (1= highest)**

| | Evidence # | Evidence Description | Physical Evidence/DNA Requests: 1. List where item was collected 2. List who the item belongs to (if known) | Requested Service (refer to codes below) |
|---|---|---|---|---|
| 1 | 1 | Marker 3 panties   *DNA Retesting To be PRCFA/amen* | 1. Veronica's apartment 2. Veronica | PE/DNA |
| 2 | 2 | Marker 1 Sheet | 1. Veronica's bedroom 2. Veronica | PE/DNA |
| 3 | 3 | Marker 3 Blanket | 1. Veronica's bedroom 2. Veronica | PE/DNA |
| 4 | 4 | Veronica Cunlata DNA swab | 1. Mouth 2. Veronica | PE/DNA |
| 5 | 5 | Blake Shadwick DNA swab | 1. Mouth 2. Blake | PE/DNA |

Type of Analysis Requested
PE/DNA

**Requested Service Codes:**
DE: Digital Evidence
DA: Drug Analysis
FA: Firearms / Tool Marks / NIBIN
IL: Illicit Laboratories
LP: Latent Prints
PE/DNA: Physical Evidence / DNA
TOX: Toxicology

Document ID ASCL-FORM-12_WD
Approved By: Moran, Cindy; Buck, Jerry

Page 2 of 3

Revision Date: 06/19/2012

22

*Exhibit "A"*



# Arkansas State Crime Laboratory

P.O. Box 8500
3 Natural Resources Drive
Little Rock, Arkansas 72215

**DNA**

## REPORT OF LABORATORY ANALYSIS



Laboratory Services
(501) 227-5747

Laboratory Case Number: 2020-027669
Agency Case Number: 2020-037382

Page 1 of 3

Investigating Officer/Agency/Address:

Kayla Pledger
Sherwood Police Department
2201 East Kiehl Ave.
Sherwood, AR 72120

Suspect(s):

Frederick Robinson
Christopher Walls

Victim(s):

Veronica Cunalata

Date of Report: 08/27/2021

I do hereby attest and confirm, as specified by A.C.A 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed on evidence received in a sealed condition at the Arkansas State Crime Laboratory. The results stated below relate only to the items tested and represent the interpretations/opinions of the undersigned analyst. This is only an official Arkansas State Crime Laboratory report when reproduced in full.

Only those items expressly detailed in the results below were analyzed for this report.

SUPPLEMENTAL REPORT TO ORIGINAL DNA REPORT ON 07/30/2021

A portion of the evidence listed below has only been analyzed utilizing the Qiagen Investigator Quantiplex Pro Kit for DNA quantitation.

A portion of the evidence listed below has been analyzed utilizing the Promega PowerPlex Fusion 6C PCR kit for STR based human identification. The following loci have been examined: Amelogenin, D3S1358, D1S1656, D2S441, D10S1248, D13S317, Penta E, D16S539, D18S51, D2S1338, CSF1PO, Penta D, THO1, vWA, D21S11, D7S820, D5S818, TPOX, D8S1179, D12S391, D19S433, SE33, D22S1045, DYS391, FGA, DYS576, and DYS570.

The results and conclusions contained in this report are based on the utilization of the above quantitation data, autosomal and Y-STR markers and the 2017 NIST US Population database.

### Evidence Analyzed:

Q01-TL(I)    Tape Lifts from Underwear (Inner)(Item #1)    *DNA Retesting Requesting To be preformed*
Q01-TL(O)    Tape Lifts from Underwear (Outer)(Item #1)    *DNA Retesting To be preformed*
Q02-9S    Cuttings from Sheet (Item #2)
Q03-5S/B    Cuttings from Blanket (Item #3)
Q03-6S    Cuttings from Blanket (Item #3)

### Results:

The DNA mixture obtained from Q01-TL(I) indicates the presence of DNA from at least two individuals and is inconclusive for comparative purposes due to the limited amount of DNA.

Q01-TL(O) did not contain a sufficient amount of DNA for further processing. It is noted that there was an indication of male DNA.

A DNA mixture consistent with originating from two individuals was obtained from Q02-9S. Major and minor components of this DNA mixture were able to be distinguished. The male major component of DNA identified on Q02-9S is consistent with the DNA extracted from K02, Blake Shadwick. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA profile obtained from the major component of Q02-9S are approximately: 1 in 2.94 nonillion in the Caucasian Population, 1 in 2.57 nonillion in the Hispanic Population, 1 in 19.6 decillion in the Asian Population, and 1 in 8.13 undecillion in the African American Population.

The female minor component of DNA identified on Q02-9S is consistent with the DNA obtained from K01, Veronica Cunalata. The probabilities of selecting an unrelated individual at random having a DNA profile matching the DNA

Section 5

1

THAT The Petitoner is now Fileing The Postconviction petitions on The Grounds listed Are; ACT 1780 of 2001 As Amended by ACT 2250 of 2005, Provides That A WRiT OF Hebeas Corpus can be issue based on new scientific evidence Proving A Person Actually innocent of the OFFENSE FOR which he was covicted. Under Section 16-112-202, The has iDentify specific EVIDENCE FOR Testing or Retesting That WAS SECURED As A Result of Petitioners conviction. The Evidence have been MAINTAINED subject To A chain of Custody; The specific Evidence FOR Testing or Retesting That WAS SECURED AT The CRIME SCENE That WAS A Result of The petitioners conviction, which WAS The Victims underwere That The ARKASAS STATE CRIME LAb Findings stated That They did Find DNA on The Victims underwere, That has "not" Yet been Identified due To The Method of Techologies of The Testing AT The moment due To The Amount Of DNA that WAS on The Victims underwere VERONICA CUNAIATA in The CASE OF 6Q-CR-22-1580. A Theory of The Petitioner inDefense based on FRIST; There WAS "not" Any FORENSIC DNA Evidence obtained or Testing PREFORM on The petitioner or And No sexual-AssaultKit PREFORM on The petitioner And The Victim or The

(2)

USE TO TAKE DNA USEING BUCAL SWABS FROM
The PETITIONER AT ANY TIME FROM THE SHREWOOD
Police DEPARTMENT OR THE ARKANSAS STATE
CRIME LAB FOR TESTING TO FIND FORENSIC
EVIDENCE TO SHOW ANY ESTABISHING AN
PROPER CHAIN OF CUSTODY WITH THE PETITIONER
AND THE VICTIM IN THE CASE OF 60-CR-22-1580
THAT WILL OR WOULD HAVE PROVEN THAT THE
PETITIONER AND THE VICTIM HAS HAD AN MIXTORS
OF DNA TO SHOW THAT VAGINAL INTERCOURSE
MIGHT HAVE OCCURRED. SCIENTIFIC TESTING
SHOULD HAD BEEN PERFORMED ON VAGINAL
SWABS TAKEN FROM THE VICTIM BECAUSE SHE
STATED THAT THE PETITIONER HAD ENGAGED IN
SEX WITH HER SUGGESTING THAT VAGINAL INTERCOURSE
MIGHT HAVE OCCURRED WITH THE PETITIONER
AND THE CO-DEFENDANT AT THE TIME OF
THE SEXUAL-ASSAULT. THERE WAS NEVER AN
SEXUAL ASSAULT KIT PREFORM ON THE VICTIM
BECAUSE SHE HAD MADE FLASE STATEMENTS
TO THE SHREWOOD Police DEPARTMENT AND
SHE ALSO WAITED OVER AN WEEK TO EVEN MAKE
THE FAKE Police REPORT BECAUSE SHE KNEW
THAT IF SHE HAD PREFORM AN SEXUAL-ASSAULT
KIT IT WOULD PROVEN THAT THERE WERE "NOT"
ANY MIXTORS OR DNA WITH THE PETITIONER
AND THE VICTIM AND/OR THE CO-DEFENDANT
THAT WOULD SHOW ANY INTERCOURSE OR
VAGINAL INTERCOURSE HAD EVER TAKEN PLACE
WITH THE PETITIONER AND CO-DEFENDANT

(3)

The shrewood Police DePARTMENTS DocuMents "no" such EVIDENCE has been TAKen FROM The PEtitioner OR The Victim such As An sexuAL-AssAult Kit PREFORM on the Victim or The PEtitioner on the day that the Victim RepoRted THAT An sexuAL-AssAult had occuRRed, TheRe were not Any MedicAl RecoRds FROM Any county RegionAl MedicAl center OR AT The ARKANSAS STATE CRIME LAb DePARTMENT THAT Collected An sexuAL-AssAult Kit PREFORM on The Victim, on the dAy That the Victim stAted That The sexuAL AssAult had occuRRed TheRefor The Victim had given The shrewood Police DepARTMENT An "pair OF her underwere stAted That she wAs wereing those underwere when The sexeAL-AssAult occuRRed. This eViDence Collected FROM The shrEwood Police DePARTMENT is "only" TRUE eViDence collected FROM The Victim is The only eViDence That will And would Also show THAT The PROPosed TEsting oR REtesting OF The specific EVidence MAY PRODuce MATERIAl EVidence THAT would RAISE A REAsonAble PRObAbility THAT The PERson MAKing A MOTION under This section ARKANSAS Code Ann. 16-112-202 THAT This PERson DID not commit The OFFENSE. The Petitaner DosE MEET The PREREQuistEs under Act 1780 That would DEMonstRATE That such TEsting would

Case 4:25-cv-01300-LPR-PSH   Document 6-1   Filed 01/09/26   Page 8 of 10
Case 4:25-cv-01300-LPR-PSH   Document 11   Filed 03/02/26   Page 67 of 79

(4)

PRODUCE MATERIAL EVIDENCE OF his innocence As A whole. IF The petitioner can have DNA Testing PREFORM on him And have The Victims underwere which WAS EVIDENCE collected From The CRIME Scene Tested or Retested FOR EXAMINATION To be PREFormed AT The ARKANSAS STATE CRIME Lab by The STATES Criminolgist, IT Will now be Able TO PRODUCE new EVIDENCE Would significantly ADVANCE his Claim of innocence And Also show The CREDIbility of The Victim And Will Demonstrate such MATERIAL THAT Will EXONERATE The PETITIONER, in The CASE OF 60-CR-22-1530. The Petitioner PRAYS That This COURT Allows The Testing or RETesting of DNA TO be Done in This CASE. The PETitioner Also Asserts The Followings As Follows. (1) in The Advent of new Techologies enhancing The Ability To AnAlyze new scientific evidence Which is The DNA on The Victims underwere. ARKANSAS Code Annotated Section 16-112-201 Read As That IF The person claims That. (1) scientific evidence not AvAilAble AT TRIAl establishes The petitioners ActuAl innocence or The scientific predicAte FOR The claim could not have been PREviously discovered Through The exercise of due dillgence And The Claim, if proven And viewed in light of The evidence As

(5)

A whole would be sufficient To Establish by CleAR And convincing evidence That no ReasonAble FACT-Fynder would Find The petitioner Guilty of The underlying offense. The petitioner Also AserTs IF There could have been newer Techologies used To have been Tested The DNA on The victims underwere To be perFormed with A newer Techologies of Forensic DNA Testing OR other Tests which MAY become AvAilAble Through Advances in Technology To potenTiAl To pRoduce new noncumulative evidence MATeriAlly RelevAnt To The petitioner AssertTion of ActuAl innocence Code Ann 16-112-202 Also This new Testing of newer OR more Advaced Technology will be enhancing The Ability To AnAlyze new scientific evidence which wAs There on The victims underwere but The Techology use At The Previse Testing wAs not AdvAced enough To Test The DNA on The Victim's underwere ThAT would produce evidence ThAT would show ThAt the Victim's stATement made To The ShReWood Police depARTment WAS An FlAse stATement Made! And ThAT The petitioner never had Any intercourse with her! And it will Also show ThAt There ARe not Any mixTur's of DNA From The petitioner And The Victim. IF There has been intercourse with The petitioner



And The Victim There would show A mixture
of both The petitoner And The Victim's
DNA Together when intercourse is shared
with Two people The DNA Always Mix's
Together To show some Kind of intercourse
has Taken place, There would be A mixtur's
of DNA in The Victim's underwere. If The
Victim would have Told The Truth About
An Act of sexual intercourse Taken place,
she would have went To The police The
same day And Also would have Taken An
sexual Assault Kite To be perform on her
And not made up An Lie So That she could
have waited over An week To MAKE An Flase
Report on such An Claim. The Testing of
The Victim's underwere IS The evidence
secured At The crime scene in Relation
To The Trial Which Resulted in The
conviction, And The evidence has not
subject To The Testing because either
The Technology For The Testing was not
Available At The Time of The Trial or
The Testing was not Available As evidence
At The Time of The Trail. The petitoner
is Requesting For The performance of
An newer method or more Advance
Forensic deoxyribonucleic Acid Testing
or other Tests which MAY become Available
Through Advances in Technology To
demonstrate The Actual innocene of The

⑦

petitoner Also This will show
(1) identity was An issue AT TRial
(2) The evidence To be Tested has been
subject To A chain of Custody sufficient
To establish That it has not been substitued
Tampered with, Replaced or Altered in Any
Material Aspect. The petitoner is Also Requesting
A newer scientific method generally Accepted
With in the Relevant scientific community
To be preformed on the evidence an
Tested or Retesting That the court shall
impose Reasonable conditions on the Testing
designed To protect the State's interests
in the integrity of The evidence And
The Testing process. There maybe new
genetic Markers that can be Tested now
DNA genetic profile will show That, There
Are not "Any" mixtors of The victim's DNA
With the petitoners DNA or The codefendATS
DNA To be found on the victims
under here That will prove the petitoner
never had sexaul intercourse with The
victim. Exhibit A will show The EVIDENCE
That The petitoner is Requested To be
Tested or Retested, Exhibit "A" WIN Also
show The LAST method ~~redacted~~
~~redacted~~ of Test preformed on
the evidence. The petitoner is praying
For This court To Alowe The petitoner
To demonstrate within his "US" Rights

(5)

To have The evidence Tested OR ReTested with The PERFORMANCE OF An newer method OR/And more Advance Forensic deoxyribonucleic Acid Testing OR oTher TesT which MAY become AvailAble Through Advances in Technology To demonstrate The ActuAl innocence oF The petiTioner. The petiTioner is RequesTing ThaT This courT Please TAKe This Request As significant in nature For The Appropriate Approval necessary Process can been PreFormed FoR The petiTioner To beAble To show his ActuAlly innocent of The OFFense FoR which he wAs covicted. The petiTioner is Also PRAYing For The courT To "Please" TAKe This Request As An very highly imporTant AGendA To undersTand ThaT This APPROVAl of DNA Testing of The evidence of The victim's "underwere" which were TAKen Away From The crimescene As highly imporTant evidence Also The DNA Testing OR/And ReTesting will be beneficiary To provide MATeriAlly RelevAnT Evidence ThaT will significantly ADvAnce The petiTioner ClAim oF ActuAlly innocence in light oF All The EvidENce PResenTed To The courT, This will And Allowe The petiTioner To clear his name As An whole. ARK code ANN 16-122-202

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2024-Sep-03  09:21:51
60CR-22-1580
C06D01 : 2 Pages

**RESPONDENT'S EXHIBIT B**

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## FIRST DIVISION

CHRISTOPHER WALLS                                   **PETITIONER**

v.                         **60CR-22-1580**

                                               **RESPONDENT**

STATE OF ARKANSAS

### ORDER DENYING HABEAS CORPUS PETITION

Comes now the Court on the Petitioner Christopher Walls *pro se* Habeas Corpus Petition (filed 07/30/24) and based upon a review of Petitioner's pleading and the files and records of the above styled case, the court hereby finds the Petition DENIED.

Petitioner files this Petition under Act 1780 of the 2001 Acts of Arkansas that provides that a writ may be issued based upon new scientific evidence proving a person is actually innocent of the offense for which he or she was convicted. A person seeking testing under this act must first present a *prima facie* case that identity was an issue during investigation or prosecution. Ark. Code Ann. § 16-112-202 (7). A guilty plea settles the issue of identity at trial and thus the requirements of Ark. Code Ann. § 16-112-202 have not been met. Graham v. State, 358 Ark. 296 at 298, 188 S.W.3d 893, 896. There is no assertion in the petition that identity was at issue during the investigation of the case. Petitioner only argues that the credibility of the victim could be impacted.

Further, Petitioner appears to assert that DNA testing was done on the requested evidence, but that it was inconclusive due to the size of the sample. Petitioner does not identify

any specific new method or technology that would be able to more accurately test the sample at issue. Ark. Code Ann. § 16-112-202(4).

A petitioner is not entitled to a hearing when the files and records of the proceeding conclusively show that the petitioner is entitled to no relief. Ark. Code Ann. § 16-112-205(a). Here, because Petitioner has not made any showing that identity was at issue during prosecution or investigation, and because he has not identified any new testing method that is substantially more probative than prior testing, this Petition is denied without a hearing.

**IT IS SO ORDERED.**

_____
HONORABLE LEON JOHNSON

8|29|24
_____
DATE

800-4

STATE OF ARKANSAS )
)§
COUNTY OF *Izurd* )

## AFFIDAVIT

I, *Christopher WALLS*, after first being duly sworn, do hereby swear, depose and state that: THRE is newly Discovered evidence. To be Found IF MY DNA CAN be Tested To The DNA Foend on the victim's underwere provide evidence That The victim had made FlASE STATEMENT's TO The police About Intercourse With The petitoner Taken place At Any Time, Also This Will show Why The victim "didn't" Take An Sexual Assacnt Kit During the investigation For The "True" Purpose To Demonstrate The identity of An So Called perpetrator's During The investigation And Prosecution.

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

7-3-24
**DATE**

*Christopher Walls*
**AFFIANT**

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
**SOCIAL SECURITY #**

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 3ᴿᴰ day of July, 2024.

**NOTARY PUBLIC**

My Commission Expires: 9-9-25


LONNY D. BROWN
COMM. EXP.
9-9-2025
No. 12696282
FULTON COUNTY
NOTARY PUBLIC - ARKANSAS

STATE OF ARKANSAS      )
                         ) SS
COUNTY OF _Izard_      )

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 3ʳᵈ day of

_____July_____, 20 24

NOTARY PUBLIC

My Commission Expires: 9-9-25 _____

LONNY D. BROWN
COMM. EXP.
9-9-2025
No. 12696282
FULTON
COUNTY
NOTARY PUBLIC - ARKANSAS

## CERTIFICATE OF SERVICE

This is to certify that on this 3ᴿᵈ day of _July_____, 20 24, a copy of the

foregoing motion was mailed to the Prosecuting Attorney for _Pulaski_____ County.

_Christopher Wells_____
PETITIONER
ADC # _130026_____

3/8/17 (ADC)

800-4

STATE OF ARKANSAS )
                  ) §
COUNTY OF Izard    )

### AFFIDAVIT

I Christopher Walls , after first being duly sworn, do hereby swear, depose
and state that: There is newly Discovered Evidence
To be Found IF The Testing OR/And Retesting
can be preformed on The Victim's undershere
which was collected From The crimescene
This is The "only" True And very highly
Important important beneficiary necessary
material evidence Relating thas has An significant
in nature Agenda That will have Assistance in
Provening Evidence of Actual innocene of
The petitioner, I can'not" serve Time For An crime
                              That I did not commite!

I further swear that the statements, matters and things contained herein are true and accurate to the

best of my knowledge, information and belief.

9-3-24
DATE

Christoph Walls
AFFIANT

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
SOCIAL SECURITY #

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 3rd day of
July , 20 24.

NOTARY PUBLIC

My Commission Expires: 9-9-25

LONNY D. BROWN
COMM. EXP.
9-9-2025
No. 12696282
FULTON
COUNTY
NOTARY PUBLIC - ARKANSAS

800-4

STATE OF ARKANSAS                )
                                 )§
COUNTY OF _Izard_                )


## AFFIDAVIT

I, _Christopher Walls_, after first being duly sworn, do hereby swear, depose and state that: _The Advent of new Technologies enhancing The Ability To Analyze new scientific evidence which is The DNA on The Victims underwere boat The Method or And Technology used AT The preverus Testing WAS not Advaced enough To Test the Amount of DNA on The Victims underwere That Hould have had produced evidence That would be highly important And very beneficiary in nature As An significant To produce evidence That intercourse had "never" TAKEn place with The Victim AT AnyTime with The petitioner_

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

_7-3-24_
DATE

_Christopher Walls_
AFFIANT

_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_
SOCIAL SECURITY #

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this _3rd_ day of _July_, 20_24_.

_[signature]_
NOTARY PUBLIC

My Commission Expires: _9-9-25_

LONNY D. BROWN
COMM. EXP.
9-9-2025
No. 12696282
FULTON
COUNTY
NOTARY PUBLIC - ARKANSAS

800-4

STATE OF ARKANSAS          )
                           )§
COUNTY OF __Izard__        )

## AFFIDAVIT

I, Christopher Walls, after first being duly sworn, do hereby swear, depose and state that: There is newly Discovered evidence To be Found I F The Testing oR/And Retesting With The newer oR more Advaced ~~technology~~ Technology Method which may be Available Through Advances in Technology To potential To produce new noncumulative evidence Materially Relevant To The petitioner Asseation of Actual innocence ARK Code ANN 16-112-202 by Approval of The Retesting on The DNA Found on The Victims Underwere TAKen At The Crimescene.

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

__7-3-24__
DATE

__Christopher Walls__
AFFIANT

__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__
SOCIAL SECURITY #

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this __3rd__ day of __July__, 20__24__.

_____
NOTARY PUBLIC

My Commission Expires: __9-9-25__

LONNY D. BROWN
COMM. EXP.
9-9-2025
No. 12696282
FULTON COUNTY
NOTARY PUBLIC - ARKANSAS

## CERTIFICATE OF SERVICE

    This is to certify that on this _25_ day of _Feb_____, 20_26_, a copy of the foregoing motion was mailed to the Prosecuting Attorney for _Pulaski_____ County, Arkansas.

_Christopher Walk_____

PETITIONER

ADC # _130026_____